Filed April 17, 1891.

---

No. 56.

## GROVES ET AL. *v.* WILES.

COSTS.—*Appeal from Justice.—Interest.—Attorney's Fees.*—In an appeal by a defendant from the judgment of a justice of the peace, the interest accruing upon the claim between the date of the rendition of the judgment before the justice and the date of rendering judgment in the circuit court, and the attorney's fees allowed the plaintiff in the latter court can not be deducted from the judgment rendered in such circuit court, in order to amerce the plaintiff in the costs accruing on such appeal.

ATTORNEY.—*Fees are Not Costs.*—Attorney's fees provided for in a contract are not costs, nor in the nature of costs. They form a part of the cause of action, and are recovered because they are provided for in the contract sued on.

From the Fayette Circuit Court.

*J. I. Little* and *D. W. McKee,* for appellants.
*L. L. Broaddus* and *G. C. Florea,* for appellee.

BLACK, C. J.—This was an action originating before a justice of the peace, brought by the appellee against the appellants on two promissory notes made by the latter to the former, each note bearing interest at the rate of eight per cent. per annum, and containing a promise to pay attorney's fees.

The appellants appeared before the justice and pleaded an account as a set-off.

There was a trial by jury, and upon the verdict returned the justice rendered judgment for the appellee for eighty dollars and seventeen cents.

The judgment defendants appealed to the circuit court, in which a jury returned a verdict for the appellee for seventy-five dollars and seventy-eight cents, with answers to interrogatories showing that the jury found due the appellee for attorney's fees, for services of his attorneys in the circuit court, fifteen dollars, and for attorney's fees for his attorney before the justice five dollars. Thereupon the court below rendered judgment for the appellee for seventy-five dollars and seventy-eight cents and costs.

By proper motions below and assignments in this court, the question is presented whether the appellants were entitled in the circuit court to recover their costs in that court.

The statute, section 1505, R. S. 1881, provides that on appeals from justices of the peace, costs shall follow judgment in the circuit court, with two exceptions, one of which, applicable to this case, is as follows: "If either party against whom judgment has been rendered appeal, and reduce the judgment against him five dollars or more, he shall recover his costs in the circuit court, when the appellant appeared before the justice." In this case the appellants by their appeal reduced the judgment against them only four dollars and thirty-nine cents.

The judgment of the justice was rendered more than four months before the return of the verdict in the circuit court.

It is insisted on behalf of the appellants that where, by subtracting from the amount recovered in the circuit court, the interest on the claim on which the recovery is based which has accrued in the interval between the judgment before the justice and the verdict in the circuit court, and regarding the remainder so found as the amount to be compared with the judgment of the justice, the party appealing would appear to have reduced the judgment of the justice against him five

dollars or more by his appeal, he should recover his costs in the circuit court.

It is also contended by the appellants that where a party against whom a judgment has been rendered by a justice appeals, and it appears, as in this case, that the amount of the recovery against him on the appeal includes an amount allowed for services of his adversary's attorneys in the circuit court, as provided for in a note in suit, the amount so allowed for attorney's fees should not be considered against the party taking the appeal in determining whether or not he has reduced the judgment of the justice five dollars or more.

Counsel contend that the amount allowed for services of attorneys in the circuit court should be deducted from the amount of the recovery in that court before comparing it with the judgment of the justice, on the ground that such services did not constitute a matter in issue before the justice, and, also, on the ground that the attorney's fees should be regarded as in the nature of costs.

The action commenced before the justice was tried *de novo* in the circuit court. The interest constituted a part of the cause of action. The attorney's fees were not costs, or in the nature of costs. They also formed a part of the cause of action. They were recovered because they were provided for in the contract sued on.

For the purpose of determining the question of costs, the judgment of the justice must be compared with the amount of recovery in the circuit court, and the fact that a portion of that amount consists of an amount recovered for interest and attorney's fees included in the cause of action, but not accrued and recoverable at the time of the rendition of judgment by the justice, can not be taken into consideration.

The statute provides a rule which the courts are bound to apply without questioning its wisdom or policy.

In *Turner* v. *Simpson*, 12 Ind. 413, the court said : " We think, in determining the question of reduction, we must take the sums recovered for our guide, without any refer-

ence to interest on the justice's judgment, or on the claim sued on. If the Legislature had intended that any interest should be taken into the account, they probably would have said so, or have used language conveying the idea. No reasonable latitude of interpretation will authorize us to take the sum recovered before the justice, and the interest thereon up to the time of rendering judgment in the circuit court, as the sum to be reduced, when the Legislature have prescribed that it shall be the sum recovered before the justice."

In *Widup* v. *Gibson*, 53 Ind. 484, where, on appeal from a judgment of a justice by the judgment defendant, the judgment in the circuit court was against the same party, and that before the justice was not reduced five dollars, but if the interest accrued between the trials and included in the judgment in the circuit court were not included therein, the judgment of the justice would have been reduced more than five dollars, it was held that the costs in the circuit court should follow the judgment.

This construction of the statute has stood for many years without any indication from the Legislature that a different rule is desirable.

A construction which forbids the deduction of interest accrued in the interval between the two judgments, in comparing them for the purpose of applying this statute, certainly also forbids a deduction of the amount of attorney's fees included in the amount of recovery in the circuit court, and constituting part of the cause of action on which the judgment in that court is rendered.

The judgment is affirmed, with costs.

Filed April 17, 1891.