SELLERS, ADMINISTRATOR *v.* MILFORD, TRUSTEE.

[No. 14,813. Filed November 25, 1935. Rehearing denied March 12, 1936.]

*Gemmill, Browne & Campbell,* for appellants.

*Condo, Van Atta & Batton,* for appellees.

CURTIS, C. J.—This action in the trial court was predicated on written exceptions filed to a final report in a trust estate. The said written exceptions were made by the appellee, John Milford, as trustee for Elizabeth Milford, and, at a later date the *cestui que* trust, Elizabeth Milford, became a party to said written exceptions by order of the court. The final report was made and filed by appellant, Harry E. Sellers, as the administrator of the estate of Henry H. Blinn, deceased, which said Henry H. Blinn, deceased, was, in his life time, the trustee for said Elizabeth Milford. The cause was submitted to the court on said final report and written exceptions thereto.

On request, the court made a special finding of facts and stated conclusions of law thereon, wherein it was concluded that the appellees were entitled to the sum of $10,000.00 and interest, less certain credits for expenditures made by the deceased trustee and an amended final report was ordered to comply with the court's final decree and judgment.

The errors relied upon for reversal are as follows: "(1) The court erred in its first conclusion of law. (2) The court erred in its second conclusion of law. (3) The court erred in its third conclusion of law. (4) The court erred in its fourth conclusion of law."

It is to be noted that the finding of facts is unchallenged, therefore, the facts as found by the court will be deemed to be full and correct. We quote the salient parts of finding number one as follows:

"That George S. Diggs of Marion, Indiana, died testate on or about the 26th day of December, 1928, and left a will, which will was in the following words and figures to-wit:

"I, George S. Diggs, a resident of Marion, Grant County, Indiana, being of sound mind and disposing memory, do hereby make, sign and publish this my last will and testament, hereby revoking all other wills made by me" Items 5, 6 and 7 of the said will are pertinent to this appeal and are as follows:

"Five. My Executor is hereby directed to pay to a trustee hereinafter named in trust for my daughter, Elizabeth Milford, the sum of Ten Thousand ($10,000.00) Dollars, to be held by said trustee, and so invested as to produce as much income as is safe and reasonable, for the period of five years after my death.

"That said trustee during such period of time shall pay to my daughter semi-annually the income arising from said fund. And at the end of said five-year period said trustee shall pay over to my said daughter, Elizabeth, if she be living, the full principal of said fund. If my said daughter should not be living at that time, said trustee shall hold said fund of Ten Thousand Dollars in trust for the then living children of my said daughter, Elizabeth, until said children shall arrive at legal age. If there should be surviving my daughter more than one child then I give and bequeath one-half of said fund, to-wit: Five Thousand ($5,000.00) Dollars to my grandson and namesake George Milford, the remaining Five Thousand Dollars to be equally di-

vided between the other living children of my said daughter. But if there are no other children surviving her but my said grandson, George Milford, he shall have the entire sum of Ten Thousand Dollars.

"Six. I hereby nominate and designate my friend Henry Blinn, as Trustee for my daughter, Elizabeth Milford to hold in trust for her the amount willed her in said Item Five, and under all the terms of said trust as set out and expressed in said item Five. It is also my will that as a part of said Ten Thousand Dollars to be paid in trust for my said daughter, Elizabeth Milford, will be included a certain note for Eight Hundred Dollars held by me against John Milford and Elizabeth Milford, and my executor is hereby directed to figure in said note with all interest due thereon as a part of the Ten Thousand Dollars so willed in said Item 5.

"Seven. I also will and direct that in making the payments specified in Item Four and Five of my said will, my executor shall make such payments either in cash or in bonds and securities at their face value or partly in cash and partly in securities as he may prefer and that the sums provided for shall be paid six months after my death.

"In the securities above mentioned is not to be included stock I hold in the Cushion Shoe Company and the Fairmount Drop Forge Company as I consider these stocks worthless."

It was found that the said will was duly probated on January 2, 1929, and that the executor named therein duly qualified as such and assumed said duties and "that on January 21, 1929, said Henry H. Blinn qualified as trustee in said Trust and received from the executor, J. Earl Diggs, on the 23rd day of January, 1929, cash and securities amounting to the sum of Ten Thousand ($10,000.00) Dollars, and on said 23rd day of January, 1929, said Henry H. Blinn, trustee for said Elizabeth Milford, delivered unto said J. Earl Diggs, executor of the will of said George S. Diggs, his receipt for said cash and securities."

We now set out findings numbered 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13 as follows:

"3. That on the ——day of ——, 1931 said Henry H. Blinn departed this life and Harry E. Sellers was appointed and qualified and is now acting as administrator of the estate of Henry Blinn, deceased.

4. That John Milford, upon petition duly filed, was by the court duly appointed as trustee for Elizabeth Milford, successor to Henry Blinn, deceased, and qualified as such trustee on the 22nd day of May, 1931.

5. That on the 17th day of June, 1931, said administrator, Harry E. Sellers, filed a final report of Henry Blinn, trustee for Elizabeth Milford, which final report is in the following words and figures to-wit: (H I)

6. That thereafter in said matter of the trust estate of Elizabeth Milford, Henry Blinn, deceased, trustee, being Cause No. 5237 in the Grant Circuit Court, Grant County, Indiana, the said John Milford, as trustee of the trust estate of Elizabeth Milford and Elizabeth Milford, *cestui que* trust, filed exceptions to said final report, which exceptions are in the following words and figures, to-wit: (H I)

7. That by said final report, said administrator of the estate of Henry Blinn, deceased, delivered to the Clerk of the Grant Circuit Court in final settlement of said trust estate the following securities, to-wit:

(1) Thirty-five (35) shares of Johnston Furniture Company preferred stock, Series B. maturing March 1, 1932, evidenced by Certificate No. 39 par value One Hundred ($100.00) Dollars per share.

(2) Ten (10) shares Rex Realty Company preferred stock Series I, Maturing March 1, 1939, evidenced by Certificate No. 13, par value One Hundred ($100.00) Dollars per share.

(3) Ten (10) shares Rex Realty Company preferred stock, Series I, maturing March 1, 1939, evidenced by Certificate No. 14, par value One Hundred ($100.00) Dollars per share.

(4) One Hundred and Fifty Five (155) shares of the Class A common stock of the Spencer-Cardinal Corporation evidenced by Certificate No. 113, retirement value twenty ($20.00) dollars per share and redeemable as preference common stock at the rate of one tenth (1/10) of its retirement value each year beginning with 1940.

(5) Certificate of deposit of bonds, face value One Thousand ($1,000.00) Dollars on 836 Montrose Avenue Building, Chicago, Illinois, bonds bearing Numbers 22 and 23 with coupons dated April 1, 1930, and subsequent thereto attached, due date of bonds deposit being April 1, 1932.

together with a check for Three Hundred Eighty-Eight Dollars and Eighty-Eight Cents ($388.88) and received the receipt of the Clerk of the Grant Circuit Court therefor.

8. That Henry H. Blinn, Trustee, has changed the form of investment of all of the securities turned over to him by the executor of the estate of George S. Diggs and has sold all of the securities so delivered to him by said executor and invested the proceeds of said sale, together with the cash in his hands as trustee, in the securities set out in Finding No. 7. That all of said investments were in private corporations, either in common stock, preferred stock or bonds and that said trustee did not procure the authority of court for any of such investments prior to the making of such investments.

9. That under the terms of the will of said George S. Diggs, deceased, said trustee was required to pay over to Elizabeth Milford, the daughter named in said will as the *cestui que* trust, if living, the full principal of said fund at the termination of said trust. That said Elizabeth Milford was living at the time of the death of said Henry Blinn, trustee, and is still living.

10. That the securities and cash delivered to the clerk by said Harry E. Sellers, administrator of the estate of Henry Blinn, trustee for Elizabeth Milford, are not equal in value to the said principal sum of Ten Thousand ($10,000.00) Dollars.

11. That the credits claimed by said Harry Sellers, administrator of the estate of Henry H. Blinn, deceased, trustee for Elizabeth Milford, for services of said Henry H. Blinn, as trustee for Elizabeth Milford, in the sum of Fifty ($50.00) Dollars and the credit claimed in said report for the sum of Fifty ($50.00) Dollars paid to employ an attorney to investigate and prepare the final report should be disallowed.

12. That the full principal sum of the estate left

in trust by said George S. Diggs to Henry B. Blinn, trustee for Elizabeth Milford, is Ten Thousand ($10,000.00) Dollars. That no accounting of the income derived from said fund has been made by the administrator of the estate of Henry Blinn, deceased, and that a reasonable income from such fund is six (6%) per cent per annum; That the estate of said Henry Blinn, trustee is indebted to the exceptors herein in the principal sum of Ten Thousand ($10,000.00) Dollars and the reasonable income therefrom in the sum of Eighteen Hundred ($1,800.00) Dollars.

13. That the said Henry Blinn, trustee, is entitled to a credit of $180.00 for services as trustee during three-year period of trust and in his lifetime made disbursements authorized under Items 5 and 6 of said will of said George S. Diggs, deceased, as follows, to-wit:

| | |
|---|---:|
| January 23, 1929....J. E. Diggs, Tax $ | 80.00 |
| January 24, 1929......So. Marion Bank premium on bond.............................. | 60.00 |
| June 29, 1929......To G. A. Henry, Ser. | 20.00 |
| July 3, 1929........To Elizabeth Milford | 186.81 |
| Jan. 3, 1930........To Elizabeth Milford | 213.44 |
| Jan. 9, 1930........To premium on bond | 60.00 |
| July 3, 1930........To Elizabeth Milford | 215.00 |
| Jan. 3, 1931........To Elizabeth Milford | 215.00 |

Making a total of deductions............$1,230.25"

The court stated its four conclusions of law upon the facts found as follows: "1. That the law is with the exceptors. (2) That the exceptors are entitled to recover from the estate of Henry H. Blinn, deceased, the sum of Ten Thousand Five Hundred Sixty Nine Dollars and Seventy Five Cents ($10,569.75). (3) That the exceptors are entitled to recover their costs herein taxed in the amount of ............ dollars. (4) That the final report filed herein is disapproved and rejected and a new report ordered filed in accordance with the conclusions of law stated herein."

The judgment was in accordance with the conclusions of law.

The appellant's contentions are centered around the following 6 propositions, to-wit: "(1) The intention of the creator of a trust is controlling in every particular. (2) Where the testator appoints a trustee and grants the trustee discretionary authority in executing the trust, all that is required of the trustee is that he act in good faith with reasonable diligence. (3) In the absence of a statute, rule of court, or a provision in the instrument requiring a prior order of court, authorizing the purchase of or investment in securities, a trustee who fails to obtain such order is not, by reason of such failure, liable for a loss resulting from the investment where he has exercised the requisite degree of care and has acted in good faith. (4) It is within the sound discretion of the court as to whether or not the trustee is to be charged with interest on the trust funds and, if interest is charged, the amount to be paid is discretionary with the court. (5) Whether a trustee, in making an investment of the trust funds, exercised sound discretion, is to be determined with reference to the situation at the time the investment was made, and not in the light of subsequent events which could not have been reasonably anticipated. (6) A trustee is not the insurer of the funds in trust."

These propositions in the main are correct with some modifications. The first is stated too broadly. The intention of the creator of the trust is controlling unless it is in violation of some positive rule of law or is against public policy in its broad sense. We find no fault with the other propositions in the main, but their chief deficiency, in so far as the appellant is concerned, is that they do not render much aid or assistance to the appellant. Appellant's propositions 2 and 3 above set out go to the point that such a trustee as the one in the instant case is required only to act in good faith and with reasonable diligence. The difficulty

with the appellant is that his decedent converted the securities he received from the estate into cash and invested them on his own judgment in a form of investment which our courts have held to be such an investment as cannot be made by a trustee on his own responsibility with reasonable care and diligence. The courts of the country are divided on this question but in Indiana the rule is an old one that in the absence of an order from the proper court, a trustee such as the one in the instant case cannot invest trust funds in his hands in the stock of a private corporation. Such an investment is an abuse of his discretionary power. See *Tucker* v. *The State ex rel. Hart* (1880), 72 Ind. 242. The investment in that case was in capital stock of the Greensburg Limestone Company. That company was a private corporation engaged in quarrying limestone at a great profit. The stock was in great demand and looked upon as a good and safe investment by good business men. Among other things the court said, p. 247, "An investment in such corporate stock was also nothing more than an investment in a mere personal security of a necessarily fluctuating and uncertain character, and such an investment when not made under the direction of some competent authority, constitutes a well recognized violation of duty on the part of a trustee." This decision was handed down in 1880 and was cited with approval thirty-one years later in the case of *Indiana Trust Company* v. *Griffith* (1911), 176 Ind. 643, 95 N. E. 573. We quote from the latter case as follows, p. 650:

"The rule has prevailed in this State, that a trustee who exercised his own discretion in the matter of investing the trust fund was liable for loss incurred by depreciation, while if he made investment by order of court, after a presentation of the facts, he was absolved from liability for such loss. In the case of *Tucker* v. *The State ex rel.* (1880), 72 Ind. 242, it was held by this court that an investment of trust funds in the stock of an or-

dinary business enterprise by a trustee of an express trust, appointed by court without an order of court, is an abuse of his discretionary control over the funds so invested, and involves a breach of his duty as such trustee. And the rule so declared is in entire harmony with the great weight of authority."

We have no disposition whatever to question the soundness of the rule announced in the cases above mentioned. As stated before the courts of the country are divided upon the question but we believe the better and sounder rule to be the one to which Indiana adheres. For a somewhat exhaustive analysis of the decisions of our state and other states see the note in 12 A. L. R. 574. The reason for the Indiana rule is not an arbitrary one.

We are further aided in the instant case by the fact that the will creating the trust fund directed the trustee to so invest it "as to produce as much income as is safe and reasonable, for the period of five years after my death." We think the language used by our Supreme Court in the case of *Gilbert et al.* v. *Welsch, Admr.* (1881), 75 Ind. 557 may be applied in the instant case. We quote from that case as follows:

"In the second place, the provision of the will, that the legacy should be put at interest, is equivalent to a direction that the fund be either loaned at interest, or invested in an interest-bearing security. The law is, that such direction in a last will or testament must be strictly followed. 1 Perry Trusts, sec. 452, 460, 461. It cannot be properly said that shares of capital stock in a bank are interest-bearing securities. Dividends, customarily at least, are declared at the will of a board of directors. They may be small or great, or, if emergencies require, may be omitted entirely. But interest is a matter of contract, certain in amount and in the terms of payment, and always enforceable by the ample remedies of the law, if the loan or investment be prudently made."

600

We are in full accord with appellant's propositions that a trustee such as the one in the instant case is not an insurer of the funds in trust and that the question as to the exercise of due care and sound discretion is to be determined with reference to the situation at the time the investment was made and not in the light of subsequent events which could not have been reasonably anticipated. Both sides concede that there was no statute in force at the time the investment of trust funds was made that would specifically control the conduct of the trustee.

We think that the questions as to interest, and the amount allowed for trustee's and attorney's fees were questions within the sound judgment of the trial court under the evidence.

In our opinion each of the conclusions of law is correct. Finding no reversible error the judgment is affirmed.