This case was before the court on a prior occasion. In re Fisher's Estate, 68 S.D. 484, 4 N.W.2d 797. Following the decision of this court the trial court entered new findings of fact, conclusions of law and judgment from which the executor, Warkenthien, and the Western Surety Company have appealed.
The facts are set forth in the prior opinion and need not be restated.
From these facts the trial court surcharged the account of the executor with the amount of money on deposit in the Farmers and Merchants Bank when it closed on July 20, 1931, together with interest thereon from that date. The court found, and it is without dispute, that the executor accounted for and charged himself with interest from the time of the original deposit in the Security State Bank in 1926 to the closing of the Farmers and Merchants Bank. The trial court further surcharged the account with the loss resulting to the estate from acts other than carrying estate *Page 411 
funds in the insolvent banks. No question is raised on this appeal relating to items other than the bank deposit.
[1] The executor is not in a position to complain about being charged with the money lost when the bank closed. Under our prior holding it is clear that this money was lost as a result of the executor maintaining trust funds in an insolvent bank knowing the bank to be insolvent.
[2, 3] We are also of the opinion that it was proper to charge the executor with interest. The rate of interest fixed by the trial court is not questioned on this appeal. It is a well-established rule that where a trustee uses trust funds in violation of his duty he is chargeable with interest thereon. 65 C.J. 827; Restatement of the Law of Trusts, § 207. Thus it has been held that a trustee is chargeable with interest where he makes an improper investment, Sellers v. Milford,101 Ind. App. 590, 198 N.E. 456; Pedigo v. Pedigo's Committee, 247 Ky. 403,57 S.W.2d 54; In re Leonard's Will, 202 Wis. 117, 230 N.W. 715, 83 A.L.R. 712; In re Whitney's Estate, 78 Cal.App. 638, 248 P. 754, where he mingles trust funds with his own; In re Mowrey's Estate,210 Iowa 923, 232 N.W. 82; Stuck v. Schumm, 290 Mass. 159,194 N.E. 895, where he uses trust funds in his own business; State ex rel. Raskin v. Schachat, 120 Conn. 337, 180 A. 502; Lewis v. Hershey, 45 Ind. App. 104, 90 N.E. 332; Union Trust Co. v. Preston Nat. Bank, 144 Mich. 106, 107 N.W. 1109; Reed et al. v. Taliaferro, 37 Wyo. 107, 259 P. 815, 55 A.L.R. 941. The trial court did not err in charging interest to the executor.
The trial court concluded that the liability of the executor for the funds remaining on deposit at the time the Farmers and Merchants Bank closed arose on January 19, 1926, the date on which the executor had issued to himself as executor certificates of deposit by the Security State Bank. This conclusion was unnecessary to a decision in this case and we neither affirm or deny it. In this case we are concerned only with the liability of the executor, and the amount with which his account should be surcharged. Whether liability of the executor extended back to 1926, or *Page 412 
whether it arose with the closing of the bank in 1931, or with the merger of the two banks in 1929, need not now be determined because in any event, under the facts of record, the amount with which the account of the executor should be surcharged would be the same.
The judgment appealed from is affirmed.
All the Judges concur.