GAVIN v. MILLER ET AL.

[No. 27,957. Filed April 26, 1944.]

460

*Ralph K. Kane, Gideon W. Blain,* and *Robert Hollowell,* all of Indianapolis, for appellant.

*Paul T. Rochford, Merlin M. Dunbar,* and *Lucien L. Dunbar,* all of Indianapolis, for appellee.

SHAKE, J.—William H. Oakes died testate a resident of Marion County, Indiana, on February 24, 1925. The appellant was named as executor of the will and promptly qualified as such. The last record made by the Probate Court of Marion County in the administration of said estate, on December 26, 1931, was as follows:

"It is further adjudged and decreed by the court that this report be approved except as to the investments and that said executor upon filing the receipt of said trustee for the aforesaid property, be released and discharged as executor and said estate be then fully administered upon and finally settled and determined."

Immediately thereafter the appellant qualified as trustee under the will of said decedent and took over the administration of the trust created thereby. The will directed that said trustee should "have full power to sell . . . any stock, bonds or personal property, at any time held by him as part of the assets of said trust, at such times and on such terms as he may deem to the advantage of this trust, with the approval of the court having probate jurisdiction in Marion County, Indiana." It was further directed that the trustee should have authority "to invest all money that may come into his hands as part of said trust estate from any source whatever, by loaning the same on first mort-

gage on real estate, or by investments in securities, real estate or stocks suitable for the investment of trust funds, and said trustee may alter and change any such investments as in his judgment may be to the best interest of such trust, subject only to the approval of the court of probate jurisdiction in Marion County, Indiana."

Subsequently, the appellant made three reports relating to the administration of his trust to the Probate Court. The last, denominated as amended and supplemental report, was filed on March 9, 1940. To this the appellees, Alice Ford Miller, Charles S. Miller, Ella Oakes and Mary Goode, filed exceptions. During the trial the appellant resigned and a successor trustee was appointed. In accepting his resignation the court ordered the appellant to turn over to his successor all personal property belonging to the trust, which the appellant did. The court thereafter entered a personal judgment against the appellant for $153,443.95, which included $20,000 allowed counsel for the appellees for prosecuting their exceptions. The appellant's motion for a new trial was overruled and this appeal followed.

A motion to dismiss was denied while this case was pending in the Appellate Court, and we have been asked to review that ruling. The motion was upon the theory that the appeal should have been taken under the special statute relating to the review of matters growing out of the settlement of decedents' estates, rather than under the procedure pertaining to civil appeals, generally. Appeals under the Probate Code are restricted to the review of decisions "growing out of any matter connected with a decedent's estate." § 6-2001, Burns' 1933, § 3277, Baldwin's 1934. While this action arose upon exceptions to the report of a testamentary trustee, the judgment was personal and

appropriate to a proceeding upon the trustee's bond. It has been held that a personal judgment against an administrator on his bond is not one connected with the administration of. a decedent's estate under the above statute. *Rogers* v. *State* (1901), 26 Ind. App. 144, 59 N. E. 334; *Koons, Admr.* v. *Mellett* (1889), 121 Ind. 585, 23 N. E. 95, 7 L. R. A. 231. We think the same must be said of a personal judgment against a testamentary trustee of the character here involved.

Where, as here, no special findings of fact or conclusions of law were requested, but the court, neverthless, made specific general findings upon which its judgment was predicated, it is proper to look to the findings to determine what matters were actually adjudicated. We may, indeed, look to the whole record to ascertain the meaning and effect of the judgment. *State ex rel. Booth* v. *Beck Jewelry Enterprises* (1942), 220 Ind. 276, 41 N. E. (2d) 622, 141 A. L. R. 876.

It appears from the record that when the appellant qualified as trustee there were certain securities in the trust estate which had been acquired by the testator in his lifetime, and that the trustee continued to hold these in his portfolio until he resigned. During the intervening period of some nine years the market value of these securities fluctuated frequently and considerably. Without any proof that a prudent person, in the exercise of reasonable care, skill, and diligence, would have sold said securities at any particular time, the court considered the matter retrospectively and concluded on the sole basis of their market history that the appellant was negligent in having failed to dispose of these holdings on a previous day certain, when that could have been accomplished to the financial advantage of the trust. This was error.

The question as to whether a trustee has exercised due care and sound discretion in holding or selling investments must be determined from a showing of the situation existing as of the time under inquiry, and not in the light of subsequent events that could not reasonably have been anticipated. *Sellers, Admr.* v. *Milford, Tr.* (1936), 101 Ind. App. 590, 198 N. E. 456.

The judgment charged the appellant unconditionally with the value of the securities which he was required to surrender up to the successor trustee when his resignation was accepted. This was also error. If the appellees were entitled to recover a personal judgment it should have been for the full amount with which the appellant was properly charged, and he should have been allowed to keep the securities; or the judgment should have been for the difference between the amount with which the appellant was chargeable and the value of the securities which he was required to surrender to his successor. 65 C. J., Trusts, § 803, p. 907.

We find no justification for charging the appellant personally with $20,000 for the services rendered by counsel for appellees in prosecuting their exceptions to the trustee's report. The right to recover attorneys' fees from one's opponent does not exist in the absence of a statute or some agreement, though a court of equity may, under some circumstances, allow attorneys' fees to be paid out of a fund brought under its control. 14 Am. Jur., Costs, § 63, 15 C. J., Costs, § 248. *State ex rel. Reilly* v. *U. S. Fidelity & Guaranty Co.* (1941), 218 Ind. 89, 31 N. E. (2d) 58.

Counsel for the appellees rely upon the case of *Haas* v. *Wishmier's Estate* (1934), 99 Ind. App. 31, 190 N. E.

466

548, as supporting the action of the trial court in adjudging that the appellant should personally pay their fees taxed at $20,000. It seems to us, however, that in the Haas case the court misapplied the rule that it sought to invoke. The opinion relied largely upon the language of 24 C. J., Executors and Administrators, § 2531, p. 1057, to the effect that the personal representative of an estate may be charged with the costs and expenses of litigation occasioned by his misconduct and neglect in failing to make a proper and timely accounting or settlement. The proper rule would, of course, be equally applicable to a trustee; but we think the Appellate Court erred in assuming that the costs and expenses with which an administrator, executor, or trustee may be charged include the fees of the opposing counsel. Attorneys' fees are not ordinarily regarded as costs, or in the nature of costs. *Groves* v. *Wiles* (1890), 1 Ind. App. 174, 27 N. E. 309. We have read the cases cited to support the text quoted in the Haas case and find no decision applying the rule to a situation like that here presented. Insofar as the case of *Haas* v. *Wishmier's Estate, supra,* is in conflict with this opinion it is disapproved.

In view of the issues, which were formed on the trustee's report and the exceptions of the appellees thereto, a personal judgment against the appellant was premature, in any event. If the trustee's report did not meet with the approval of the court it should have been rejected, the trustee surcharged with such items as were deemed to be improper, and ordered to file an amended report. After the account has been finally settled, a personal action may be maintained against the appellant and his sureties if he fails to discharge his obligations.

Complaint is also made with respect to certain transactions whereby the appellant, as trustee, acquired notes secured by mortgages on real estate from banks and other institutions in which he had an interest. A part of these notes appear to have been paid and the others are in the hands of the successor trustee. Whether the trust will suffer any financial loss on account of these transactions is not clear. If there are no such losses, the trust will not be harmed, even if the transactions were irregular. In view of the fact that the judgment must be reversed for the reasons heretofore stated, we deem it unnecessary to give further consideration to this matter.

Reversed, with directions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

Swaim, J., not participating.

NOTE.—Reported in 54 N. E. (2d) 277.