**Jack R. O'NEILL and Letti O'Neill,**
**Appellant–Plaintiff,**

v.

**James V. GOAR d/b/a Goar Associated,**
**Appellee–Defendant.**

No. 06A01–9304–CV–139.

Court of Appeals of Indiana,
First District.

Oct. 27, 1993.

William N. Ivers, Stewart & Irwin, Indianapolis, for appellant-plaintiff.

Roger L. Miller, Miller & Martin, Frankfort, for appellee-defendant.

BAKER, Judge.

The unique question we address today is whether a jury can determine if an action is frivolous and attorney's fees are warranted under IND.CODE 34–1–32–1(b) (Supp. 1992). We hold that a court must make such determinations. Appellant-plaintiffs Jack R. O'Neill and Letti O'Neill appeal the jury's award of costs and attorney fees to appellee-defendant James V. Goar d/b/a Goar Associates. We reverse the judgment and remand.

## FACTS

The undisputed facts are that in July 1991, Phyllis Jackson signed a listing agreement with Goar to sell her house. The list price was $115,000. Goar showed the Jackson house to the O'Neills. They offered to buy the house for $115,000. Jackson refused the offer and accepted an offer of $125,000 from another buyer.

On August 2, 1991, the O'Neills filed a breach of real estate contract action against Jackson and Goar. The O'Neills voluntarily dismissed Jackson from the suit a few weeks later. Goar answered by asserting affirmative defenses and by filing a counterclaim alleging the O'Neills' action was frivolous. In its counterclaim, Goar sought recovery of attorney's fees pursuant to I.C. 34–1–32–1(b) (Statute). Both parties sought summary judgment on the O'Neills' contract claim. On June 17, 1992, the trial court granted Goar's summary judgment motion because the O'Neills' complaint failed to state a cause of action. The trial court denied the O'Neills' summary judgment motion.

Despite the O'Neills' motions to strike a jury trial, a judge pro tem conducted a jury trial on Goar's counterclaim on January 11, 1993. The jury determined that the O'Neills' claim was frivolous. The jury awarded Goar $7,639 for attorney's fees. Pursuant to the verdict, the judge pro tem

entered judgment. The O'Neills appealed following the denial of their motion to correct error.

## DISCUSSION AND DECISION

■ The O'Neills claim that the trial court, not a jury, must decide whether to award attorney's fees under the Statute. They assert that assessment of costs is a function of the trial court which cannot be delegated to a jury. In Indiana, the determination of which party has the right to recover costs under a statute authorizing their assessment is a judicial process. *Calhoun v. Hammond* (1976), 169 Ind.App. 39, 41, 345 N.E.2d 859, 860 (citing *Stayner v. Bruce* (1953), 123 Ind.App. 467, 471, 110 N.E.2d 511, 513). Our supreme court has twice stricken portions of jury verdicts usurping the judge's function. *See Holmes v. Wright* (1871), 36 Ind. 383, 384; *Conner v. Winton* (1856), 8 Ind. 315, 317. The law of these cases applies to I.C. 34–1–32–1(a), which provides that the prevailing party in civil actions shall recover costs. The O'Neills fail to recognize the difference between the Statute's two subsections about costs and attorney's fees.

■ Goar's counterclaim sought recovery of attorney's fees under I.C. 34–1–32–1(b):

In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

(3) litigated the action in bad faith.

Because the Statute is in derogation of the American Rule observed under the common law, we strictly construe its language.[1] *See Kahn v. Cundiff* (1989), Ind.App., 533

---

1. Under the American Rule, each party to litigation is required to pay his own attorney's fees absent a statute or agreement providing otherwise. *Greensburg Local No. 761 v. Robbins* (1990), Ind.App., 549 N.E.2d 79, 80, *trans. denied.*

N.E.2d 164, 170, *aff'd and adopted,* 543 N.E.2d 627. The Statute refers to the award for attorney's fees as part of the cost. Just as calling a "rooster" an "eagle" does not make it such, the legislature's nomenclature cannot change attorney's fees into costs. *See Indiana Republican State Committee v. Slaymaker* (1993), Ind.App., 614 N.E.2d 981, 983 (statutory language naming a portion of the mandatory cost of a personalized license plate a "political contribution" did not make it a gift). It has long been recognized that attorney's fees are not inclusive in the term "costs." *Groves v. Wiles* (1891), 1 Ind.App. 174, 176–77, 27 N.E. 309, 310; *see also Hosts, Inc. v. Wells* (1982), Ind.App., 443 N.E.2d 319, 321–22.

Although attorney's fees are not costs, the language of the Statute's subsection on attorney's fees places the determination in the hands of the judiciary. "... [T]he trial court may award attorney's fees ..." I.C. 34–1–32–1(b). Because the Statute places the discretion upon the court to award attorney's fees, the trial court erred in submitting this issue to the jury. Accordingly, the jury's decision is a nullity.

On appeal, we review a trial court's decision to award attorney's fees under the Statute first by considering its findings of fact under the clearly erroneous standard. *See Kahn,* 533 N.E.2d at 167. Because the trial court did not award the attorney's fees here, we remand for its decision in accordance with our opinion. We do not retain jurisdiction.

Judgment reversed and remanded for further proceedings.

NAJAM and CHEZEM, JJ., concur.