SHEPARD, Chief Justice,
dissenting.
I would have expected that two straightforward principles would lead this Court to the same result reached by the trial judge and by the Court of Appeals.
First, this state’s tribunals have long adhered to what is typically called the “American Rule,” which is to say that each party to a lawsuit pays his or her own attorney fees unless there is a statute, court rule, or agreement between them that provides otherwise. Porter Development, LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775 (Ind.2007); Gavin v. Miller, 222 Ind. 459, 54 N.E.2d 277 (1944). We have enforced this rule in a variety of settings. See, e.g., Pond v. Pond, 700 N.E.2d 1130 (Ind.1998) (attorney fees in dissolution); Malachowslci v. Bank One, Indianapolis, N.A., 682 N.E.2d 530 (Ind.1997) (attorney fees in trust code).
We have likewise enforced this rule with reliable vigilance in tort litigation. Even where there is a statutory basis for requesting fees, we have administered the statute by barring fees except in the most egregious circumstances, that is, when ordering fees is tantamount to punishment for outrageous behavior. Kahn v. Cundiff, 543 N.E.2d 627 (Ind.1989) (adopting 533 N.E.2d 164, 171 (Ind.App.1989)) (fee re *822 quest based on statute governing frivolous litigation requires that the claim or defense was undertaken “primarily for the purpose of harassment”).
In the present case, the majority acknowledges, as it must, that the General Assembly has not included the term “attorney fees” in the Code provision at issue, even though the legislature did so in similar settings and almost contemporaneously. This difference alone would customarily be thought indicative of legislative intent.
But the majority says that the legislature has in fact enacted a provision on fees in the Adult Wrongful Death Statute. It is the “may include but are not limited to” phrase that introduces those things for which recompense may be obtained.
That assertion leads straight to a second rule of construction commonly applied to statutes enacted in a field generally covered by the common law. As Justice Dickson has reminded us, a statute “in derogation of common law must be strictly construed.” Giles v. Brown County ex rel. its Bd. of Comm’rs, 868 N.E.2d 478, 482 (Ind.2007) (Dickson, J., dissenting). Statutes authorizing recovery for wrongful death, of course, are undeniably in derogation of the common law.
This bedrock principle of interpretation is especially valuable to interpreting the statutes we have before us. Both the Adult Wrongful Death Statute and the Child Wrongful Death Statute were enacted for the benefit of claimants whose recovery under the common law would have been non-existent, or whose recovery under the General Wrongful Death Statute would have been minimal due to the operation of rules about economic loss. In extending a remedy where little or no recovery would likely have occurred before, the legislature placed boundaries around the amounts that could be recovered. In AWDS, the boundaries take the form of statutory caps on damages; in CWDS, the boundaries are temporal (i.e., for damages only until the child would have reached twenty or twenty-three, if a student).
It seems altogether plausible that in extending the possibility of recovery where little chance or none existed before, the legislature would (indeed the words enacted demonstrate that it did) make discreet decisions about various elements of recovery, measures of recovery, limits on damages, and the availability of fees. In particular, it seems unsurprising that it would authorize attorney fees for the more limited recovery authorized in CWDS and decide not to do so for AWDS. Whether or not this describes the legislative intent, our long-standing rule about strict construction of statutes in derogation of the common law would point away from the decision announced today.
RUCKER, J., concurs.