116  189
120  547

No. 13,403.

FLEENOR ET AL. *v.* TAGGART.

JUDGMENT.—*Upon Official Bond.*—*Lien upon Real Estate from Commencement of Action.*—*Surety.*—Under section 609, R. S. 1881, judgments on bonds payable to the State bind the real estate of the debtor from the commencement of the action. A surety in an official bond is a debtor within the meaning of this statute.

SAME.—*Complaint.*—*Amendment by Filing New Pleading.*—A complaint upon a county treasurer's bond was filed in 1872, upon the relation of the board of commissioners and the county auditor, and a judgment was obtained. Upon appeal the judgment was reversed, and in 1875 a new complaint, containing an additional paragraph, was filed, it being founded upon the same cause of action. The board of commissioners was omitted as a relator, it having been held that it was improperly joined.

*Held,* that the new complaint was merely an amendment of the original pleading, and not the commencement of a new action, and that a judgment obtained thereon bound the real estate of a surety in the bond from the time the original complaint was filed.

PLEADING.—*Amendment of Complaint.*—*Relating Back.*—*General Rule.*—An amendment of a complaint relates back to the time at which the pleading was filed, except where the amendment sets up a claim or title not previously asserted, and involving the statute of limitations.

From the Brown Circuit Court.

*J. H. Louden* and *R. W. Miers,* for appellants.

*W. C. Duncan* and *R. L. Duncan,* for appellee.

NIBLACK, J.—The complaint in this case averred that, in the year 1870, one William H. Taggart was elected treasurer of Brown county, and became duly qualified as such by, amongst other things, executing an official bond, with one Milton Fleenor as one of his sureties; that afterwards a large amount of money came into his, the said William H. Taggart's hands, as such treasurer, which he converted to his own use; that, on the 13th day of November, 1872, an action was commenced, in the name of the State, on the re-

lation of the board of commissioners of the county of Brown, and also the relation of the auditor of that county, in the court of common pleas of said county of Brown, against the said Taggart and his sureties on his official bond ; that subsequently a judgment was rendered in the action in that court against Taggart and his sureties for the sum of $2,612.07 ; that this judgment was afterwards, on the 30th day of April, 1875, reversed by this court, the holding being, amongst other things, that the board of commissioners was not a proper relator in the cause; that, after the cause was remanded, a new complaint was filed in the name of the State, on the relation of the auditor of Brown county, founded upon the same cause of action, but including some other items of indebtedness, and containing an additional paragraph, such new complaint being denominated an amended complaint; that said amended complaint was filed on the 1st day of June, 1875, after which the venue of the cause was changed to the Bartholomew Circuit Court; that, on the 9th day of August, 1877, a judgment was rendered in the cause in that court against the said Milton Fleenor and the other defendants, for the sum of $6,500; that there was nothing in the judgment indicating the time at which the complaint was filed, or when the suit was commenced, or declaring that a lien attached to the real estate of the defendants at the time of the commencement of the suit; that, in February, 1885, the clerk of the Bartholomew Circuit Court issued an execution on such judgment and placed the same in the hands of the defendant, Thomas J. Taggart, who was the sheriff of said county of Brown ; that said Taggart, as such sheriff, had levied said execution on a certain particularly described tract of land in said county, and had advertised the same for sale to satisfy such execution ; that, on the 6th day of April, 1875, which was before the new, or amended complaint was filed as stated, the said Milton Fleenor, for a valuable consideration, sold, and by warranty deed conveyed, the real estate so levied upon to one Joseph Fleenor, which

deed was duly recorded on the 7th day of the same month; that, on the 13th day of July, 1881, the said Joseph Fleenor sold and conveyed said real estate to one Eliza Fleenor; that the said Eliza died testate in August, 1884, having first devised such real estate to the plaintiffs, Joseph N. Fleenor and James P. Fleenor; that the will of the said Eliza, by which said real estate was so devised, was soon thereafter admitted to probate; that since the death of the said Eliza the plaintiffs have been in the possession of the real estate under the will; that unless the said Taggart should be restrained from selling such real estate on the execution in his hands, a cloud would be cast on the title of the plaintiffs thereto. Wherefore an injunction prohibiting such sale was requested.

A demurrer was sustained to the complaint, and the defendant had final judgment upon demurrer.

Section 609, R. S. 1881, provides that "Judgments on bonds payable to the State of Indiana shall bind the real estate of the debtor from the commencement of the action," and this provision was in force when the bond in suit was executed and when, in any view of the case, this action was commenced.

In the case of *Shane* v. *Francis*, 30 Ind. 92, it was held that a surety upon an official bond was a debtor within the meaning of this section.

This complaint was filed, and this appeal is prosecuted, upon the theory that the action upon which the judgment appealed from was rendered was really commenced on the 1st day of June, 1875, when the new or amended complaint was filed.

As has been made to appear, the action upon the original complaint was commenced on the 13th day of November, 1872, and this original complaint was afterwards, on the 1st day of June, 1875, superseded by the filing of a new complaint upon the same cause of action, with the name of one of the relators omitted, and containing an additional para-

graph, the character of which is not shown. The reasonable presumption, however, is that this additional paragraph was either germane to, or was founded upon, the same cause of action, and we are justified in so assuming.

A complaint, or other pleading, may be amended : *First.* By a new pleading. *Second.* By filing an additional paragraph. *Third.* By interlineation or mutilation. 1 Works Pr., section 696.

The new complaint, filed as above, was therefore nothing more than an amendment of the original complaint, and hence not the commencement of a new action.

In the case of *School Town of Monticello* v. *Grant,* 104 Ind. 168, it was said that, as a rule, an amendment of a complaint relates back to the time at which the pleading was filed, and that it is only where the amendment sets up some claim or title not previously asserted, and involving the statute of limitations, that a different rule applies. As to when such a different rule may apply, see the case of *Lagow* v. *Neilson,* 10 Ind. 183.

The new complaint under consideration set up no new cause of action, and no new matter involving the statute of limitations. It consequently related back to the time of the filing of the original complaint, and became simply an amended complaint, taking the place of the one first filed, and performing the office which the original complaint was designed to perform.

The omission of the name of the board of commissioners as a relator in the new complaint did not change the nature of the action or the purpose had in view in prosecuting it. It made the county auditor the only relator in the cause, as he ought to have been in the first instance, and continued the suit for the benefit of the county represented by the board.

The judgment is affirmed, with costs.

Filed Nov. 26, 1888.