No. 15,505.

## McGuffey v. McClain et al.

SUBROGATION.—*Indemnifying Mortgage.*—*Sale of Land.*—*Misappropriation of Collateral Security.*—*Subrogation to Mortgage Held by Person Misappropriating Collateral Securities.*—A. brought suit against B. to foreclose a mortgage the latter had given the former to secure the purchase-money thereof. C. and her husband had previously executed an indemnifying mortgage to D. on the same property B. mortgaged. Subsequently C. and her husband sold the land to A., by whom it was sold to B. At the time of the sale by C. she placed in A.'s hands certain notes and accounts to secure her from loss by reason of the indemnifying mortgage executed to D. A. undertook to collect the notes and accounts and to properly apply their proceeds; but she, after collecting such proceeds, appropriated them to her own use. The indemnifying mortgage executed to D. was released and satisfaction entered of record. *Held*, that C. was entitled to so much of the proceeds of A.'s mortgage, and to be subrogated thereto, as would satisfy her claim against A.

SAME.—*Following Property.*—*Change of Form.*—The form into which property changes is not material, for equity will follow the property into whatever form it may assume in order to secure it for the person entitled to it.

JURISDICTION.—*No Right of Action.*—*Existence of.*—Jurisdiction is nothing more than judicial authority over a general subject, and may exist even though there be no right of action.

PLEADING.—*Prayer not a Test of.*—A pleading is tested and construed by the facts it states, not by its prayer.

EVIDENCE.—*Objection to.*—*Part Competent.*—If part of the testimony of a witness is competent, a general objection to all of it may be overruled.

From the Blackford Circuit Court.

*G. W. Steele* and *J. A. Kersey*, for appellant.

*W. H. Carroll, G. D. Dean, J. Cantwell* and *S. D. Cantwell*, for appellees.

ELLIOTT, C. J.—Margaret McGuffey brought the suit out of which this appeal grows to foreclose a mortgage executed by James J. Maddux and others. The appellees came in as intervenors, and filed a cross-complaint. Before the submission of the cause for trial upon the issue joined on the cross-complaint, judgment was rendered on the complaint against

the mortgagors, and the amount adjudged the mortgagee was paid into court. The issue joined upon the cross-complaint was decided in favor of the appellees, and they were decreed entitled to a lien upon the money paid into court by the mortgagors. As appears from our synopsis of the case, the questions here are between the intervenors and the mortgagee. The first of these questions arises on the ruling of the court holding good the cross-complaint of the intervenors.

The cross-complaint states these material facts: Amanda J. McClain is the wife of her co-intervenor, Walker H. McClain, and was his wife prior to the 20th day of March, 1883. On that day she was the owner of a certificate of purchase issued to her by a commissioner authorized to sell real estate, and on the same day she assigned the certificate to William Carroll. She and her husband executed to Carroll a mortgage on the property here the subject of controversy, to secure him against loss, there being some doubt as to the validity of the title to the land held under the commissioner's certificate. Subsequently the intervenors sold the land embraced in the mortgage to the appellant, Margaret McGuffey, by whom it was sold to the mortgagors, Maddux and others. At the time of the sale to Margaret McGuffey the intervenors placed in her hands promissory notes and accounts to the value of four hundred dollars, to secure her from loss by reason of the indemnifying mortgage executed to Carroll. The notes and accounts were delivered pursuant to a written agreement, wherein the appellant undertook to collect the notes and accounts and to properly apply the avails. The notes and accounts were collected, and the appellant appropriated the proceeds. The indemnifying mortgage executed to Carroll was released and satisfaction entered of record. The appellant, Margaret McGuffey, and her husband, are not residents of the State of Indiana. The suit against the mortgagors was brought to collect the purchase-money due from the mortgagors to Margaret McGuffey.

McGuffey *v.* McClain *et al.*

We have no doubt that the matters stated in the cross-complaint are so connected with the main controversy as to entitle the appellees to intervene, provided their cross-complaint shows a right of action. The controversy is as to who is entitled to the purchase-money of the same parcel of land. The theory of Amanda J. McClain is that she is entitled in equity to the purchase-money, because she was the original owner of the land, and is the person to whom the money is owing. If the cross-complaint shows a right of action, that right is necessarily connected with the original controversy, and that controversy, with all its incidents, was before the court for adjudication. We think there is no strength in the contention that there was no jurisdiction in the trial court to determine whether the McClains or the McGuffeys were entitled to the unpaid purchase-money due from the mortgagors of McGuffey. Jurisdiction may exist where there is no right of action, for jurisdiction is nothing more than judicial authority over a general subject.

The real question in the case is whether the cross-complaint shows a right of action in the appellees. If, as the demurrer confesses, the appellant appropriated the proceeds of the notes and accounts deposited with her as collateral security, Amanda J. McClain is entitled to recover the money so collected and appropriated in some form of action. There can be no doubt that there is a valid claim against the appellant, for she has money in her hands that belongs to Mrs. McClain. The only possible doubt is as to the remedy; there can be none as to the primary right.

The right of the appellee Amanda McClain to the money being clear and undoubted, the nature and origin of the right are only important as affecting the question of the remedy, but upon that question the origin and nature of the right are important considerations. We think the origin and nature of her right are such as to give her an equitable claim upon the proceeds realized upon the mortgage executed to the appellant, Margaret McGuffey. Mrs. McClain

owned the land, and the money paid into court really comes from the land. Her right is substantially that of a vendor having a lien for unpaid purchase-money. The object in depositing the notes and accounts with Mrs. McGuffey was to protect her from loss because of the indemnifying mortgage to Carroll, and it was equivalent to permitting her to retain so much money as the notes and accounts represented out of the agreed price of the real estate. We think it clear that, if money had been retained, Mrs. McClain might, in the capacity of an unpaid vendor, have subjected any interest in the land held by her grantee *to* her equitable lien. And, as " equity looks through form to substance," the character of the thing retained can not impair the rights of the vendor. The central truth is, that Mrs. McClain ought, in good conscience, be paid for her land. To secure her, equity will seize upon any interest in the land which remained in the grantee.

The doctrine of equitable conversion is influential here. The form into which property changes is not material, for equity will follow the property into whatever form it may assume, in order to secure it for the person entitled to it, and in this instance it will follow the interest of Mrs. McGuffey in the land in the form it assumed under the mortgage executed to her. The equity of Mrs. McClain is strong, and will prevail against the bald technical objection that she can not have relief in such a suit as this, for the meritorious right she possesses is one equity will not disregard ; for " equity delights to do justice, and that not by halves."

The appellant's counsel are undoubtedly correct in asserting that a pleading must proceed upon a definite theory, and on that theory state a cause of action or defence. But while we agree to the premise of counsel, we controvert their conclusion. The cross-complaint before us states the facts and outlines a theory, and that theory is, that the intervenor is entitled to reach the interest of the appellant in the land. It

is true that the pleading prays for subrogation, but it also prays for other relief, so that the prayer for subrogation is not exclusive or controlling. Even if there was only a prayer for subrogation, the appellant's conclusion would not follow. A pleading is tested and construed by the facts it states, not by its prayer. *Houck* v. *Graham*, 106 Ind. 195 (202); *Anderson* v. *Ackerman*, 88 Ind. 481 ; *Carver* v. *Carver*, 97 Ind. 497 (505) ; *Lovely* v. *Speisshoffer*, 85 Ind. 454 ; *Stribling* v. *Brougher*, 79 Ind. 328.

But we are not to be understood as holding that the cross-complaint does not make a case for equitable subrogation; on the contrary, we adjudge that it does make such a case. The courts will give effect to the substantive facts, and assign to them their equitable force. *Proctor* v. *Cole*, 104 Ind. 373 (382) ; *Otis* v. *Gregory*, 111 Ind. 504 (512). The force to be assigned to the facts pleaded is that Mrs. McClain was entitled to reach by subrogation the mortgage estate which her debtor and grantee held in the land. The land was the primary security for the unpaid purchase-money, and such security may be made available by the vendor, where to make it available will not injure third persons. The mortgage executed to the grantee represented her interest in the land, and to that interest equity subrogates the appellee Amanda McClain as a vendor who has not received pay for the land sold to the vendee.

The point, made under the specification of error based upon the ruling denying a new trial, that the trial court erred in excluding evidence, we dispose of by saying that, where the exclusion of evidence is not stated as a cause for a new trial, no question is presented on appeal.

The appellant objected to the testimony of Walker McClain concerning an order given for the notes and accounts deposited as collateral security. It is quite clear that part, at least, of the testimony of the witness was competent, and as the objection does not separate the competent from the in-

competent, there was no error in overruling it. *Jones* v. *State*, 118 Ind. 39, and cases cited; *Pape* v. *Wright*, 116 Ind. 502.

Judgment affirmed.

Filed Feb. 16, 1892.