## KIRKHAM ET AL. v. MOORE ET AL.

[No. 4,231.   Filed January 16, 1903.   Rehearing denied March 11, 1903.]

PLEADING.—*Amendment.*—An amended complaint relates back to the time of the filing of the original complaint.   p. 550.

SPECIFIC PERFORMANCE.—*Conveyance of Real Estate.—Subsequent Purchaser.— Demand.*— An amended complaint for the specific performance of a contract to convey real estate, making a purchaser of the land after the commencement of the suit a party, need not allege a demand upon the purchaser for the conveyance.   p. 550.

SAME.—*Subsequent Purchaser.—Notice of Claim.*—A special finding in a suit for the specific performance of a contract to convey real estate in which a purchaser of the land pending the suit was made a party, that the purchaser at the time of the purchase had no actual knowledge of the claim of plaintiffs in and to the real estate, is not equivalent to a finding that the purchaser had no actual notice.   pp. 552, 553.

SAME.—*Subsequent Purchaser.—Notice of Plaintiffs' Claim.—Special Finding.*—A finding in a suit by a tenant in common against his co-tenant for the specific performance of a contract to convey real estate in which a purchaser of the land was made a party, that plaintiff held open, notorious, and exclusive possession as to all the world, except the co-tenant, was sufficient to support a conclusion of law that the purchaser had sufficient notice to place it upon inquiry.   p. 554.

SAME.—*Demand.—Inaccurate Special Finding.*—A finding on the question of demand in a suit for the specific performance of a contract brought on the 29th day of November, that plaintiff demanded a conveyance "in the month of November," is rendered sufficient where it otherwise affirmatively appears that defendant by a conveyance of the real estate put it out of his power to fulfil the agreement, and that he disputes and denies, and has disputed and denied during the entire litigation, the existence of any contract or right upon the plaintiffs' part.   pp. 554, 555.

From Hancock Circuit Court; *E. W. Felt*, Judge.

Suit by Nellie Moore and husband against Richard T. Kirkham and another for the specific performance of a contract to convey real estate. From a judgment for plaintiffs, defendants appeal.   *Affirmed.*

*Ephraim Marsh* and *W. W. Cook,* for appellants.
*John Lockridge, U. S. Jackson* and *R. L. Mason,* for appellees.

ROBY, C. J.—Action to obtain specific performance of a contract to convey real estate. The complaint was filed November 28, 1900. December 8, 1900, appellant Kirkham conveyed the real estate to his co-appellant the Terre Haute Brewing Company. February 19, 1901, an amended complaint in two paragraphs was filed, the brewing company being made a party defendant. Special findings of fact were made and conclusions of law stated thereon to the effect that appellees were entitled to the specific performance of the agreement made by appellant Kirkham; that the brewing company, as his grantee, was bound by his agreement, and that a commissioner should be appointed to make such conveyance. From a judgment in accordance with the conclusions of law, the defendants appeal. The sufficiency of each paragraph of the amended complaint is attacked for the first time in this court by assignment of error.

The specific objection made to each paragraph in argument is that a demand upon Kirkham for the execution of a deed in accordance with his contract is not averred to have been made prior to the institution of the suit. It is averred in each paragraph, in substantially the same language, that the plaintiff frequently demanded that a deed be made, and that the defendant has failed and refused so to do. The past tense is used. The pleading speaks from the time of the filing of the original complaint. *Fleenor* v. *Taggart,* 116 Ind. 189; *School Town of Monticello* v. *Grant,* 104 Ind. 168. There is not a total absence of any averment of a demand, but at the most a defective or inadequate averment. There are enough facts stated to bar another action. The assignment must therefore fail. *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396, 83 Am. St.

200. It was not necessary to aver in the amended complaint a demand upon the brewing company. It is shown to have purchased, pending the suit, with notice. *Kern* v. *Hazlerigg*, 11 Ind. 443, 71 Am. Dec. 360; *Chancy* v. *State, ex rel.,* 118 Ind. 494, 500.

The facts found are, in substance: That on November 15, 1899, appellee William Moore and appellant Kirkham purchased of Jacob Fatic the west half of lot thirty-eight, in block four, in White & Hamilton's original plat of the town of Shirley, Hancock county, Indiana, being the real estate described in the complaint; that the purchase price thereof was $500,—$100 cash, $50 of which amount was paid by said Moore to Kirkham, who paid $100 to Fatic, and with the consent of Moore took a bond for the conveyance of real estate by warranty deed on payment of the balance of the purchase price within ten days; that the plaintiff paid to Kirkham on November 25, $200 as his half of the balance due on said lot, and Kirkham thereupon paid to Fatic $400, receiving a warranty deed for said real estate; that on said day, and prior thereto, it was agreed between Kirkham and Moore that said deed should be made to Kirkham, and thereafter upon demand he would, by like conveyance, deed to William Moore's wife, Nellie, appellee herein, an undivided half of said real estate; that on said day William Moore, at the request of Kirkham, and in pursuance of said purchase, took possession of said lot, and continuously thereafter "held open, notorious, and exclusive possession thereof as to all the world, except said Kirkham, claiming title to one-half part thereof as aforesaid"; that the real estate "was a vacant lot with no fences or other improvements thereon; that Moore cleaned some rubbish off of it soon after the purchase, and leased it for a pasture lot, caused a temporary wire fence to be placed around the same by the person so using said lot, and since the institution of this suit has erected a small pen thereon for hogs, and refenced the lot." The deed from Fatic

was recorded December 10, 1900. After November 1, 1900, Kirkham has been the agent of the brewing company for the purpose of handling their beer and collecting and remitting for sales made; that on December 8, 1900, Kirkham and wife conveyed said real estate, in consideration of $500 to the brewing company, which deed was recorded February 1, 1901; that said purchase was made by the brewing company without any examination of said lot, or inquiry concerning the possession thereof; "that in the month of November, 1900, the plaintiff demanded of defendant Richard T. Kirkham a deed conveying to said Nellie Moore the undivided half part of said lot, and said Kirkham refused to execute the same;" "that the defendant the brewing company paid said Richard T. Kirkham the sum of $500 for said lot, and at the time of said purchase said brewing company had no actual knowledge of the claim of the plaintiffs, or either of them, in and to said real estate; that the said Kirkham had actual knowledge that the plaintiffs claimed to own one-half of said lot from the day of the purchase from Fatic as aforesaid and continuously thereafter." Both paragraphs of the complaint charge the brewing company with notice of the plaintiff's equity. The first paragraph goes further, and sets up a conspiracy to defraud between appellants, in pursuance of which the transfer is said to have been made.

If the brewing company had notice of the appellees' claim at the time of its purchase, it occupies no better position than its grantor. Notice, generally speaking, is an ultimate fact, and, as such, should be found in terms. *Chicago, etc., R. Co.* v. *Fry*, 131 Ind. 319, 325; *Young* v. *Berger*, 132 Ind. 530; *Locke* v. *Merchants Nat. Bank*, 66 Ind. 353, 364.

The finding under consideration does not in terms, state that the brewing company had notice of appellees' claim. It is stated therein that it had "no actual knowledge" thereof. Knowledge and actual notice have been held to

be synonymous. 21 Am. & Eng. Ency. Law (2d ed.), 581, note 5. The better opinion is, we think, that they are not to be thus regarded. Pomeroy, Eq. Jurisp. (2d ed.), §592; 21 Am. & Eng. Ency. Law, *supra.*

Adopting the view of Mr. Pomeroy, as stated in the work cited, it is held that the finding is not equivalent to a finding that the said appellant did not have actual notice. If notice is affirmatively shown it is because the facts set out relative thereto necessarily involve the existence of an essential, or ultimate fact. *Young* v. *Berger, supra.*

It has been held by the Supreme Court of this State that actual notice of the outstanding equity is necessary to charge a purchaser therewith. *Pennington* v. *Martin,* 146 Ind. 635, 638.

Where one holds a contract for the purchase of land, and is in the open, visible, and exclusive possession of such land, subsequent purchasers must take notice of his right. *Noyes* v. *Hall,* 97 U. S. 34, 24 L. Ed. 909; *Jeffersonville, etc., R. Co.* v. *Oyler,* 82 Ind. 394; *Glidewell* v. *Spaugh,* 26 Ind. 319; *Paul* v. *Connersville, etc., R. Co.,* 51 Ind. 527; *Indiana, etc., R. Co.* v. *McBroom,* 114 Ind. 198; *Cincinnati, etc., R. Co.* v. *Smith,* 127 Ind. 461; *Smith* v. *Schweigerer,* 129 Ind. 363; *Dyer* v. *Eldridge,* 136 Ind. 654; *Ream* v. *Goslee,* 21 Ind. App. 241; *McLean* v. *Clapp,* 141 U. S. 429, 35 L. Ed. 804, 12 Sup. Ct. 29; *Kirby* v. *Tallmadge,* 160 U. S. 379, 40 L. Ed. 463, 16 Sup. Ct. 349. The notice conveyed by such possession is referred to in the cases cited as constructive notice. *Tuttle* v. *Churchman,* 74 Ind. 311-314; Pomeroy, Eq. Jurisp. (2d ed.), §§594, 595, 596.

In *Pennington* v. *Martin, supra,* the possession of real estate was not a fact involved. The statement that actual notice is requisite to defeat the claim of a *bona fide* purchaser was evidently not intended to apply where such possession of real estate is relied upon, and, thus construed, there is no conflict. Legal notice by reason of possession depends upon the purchaser having been put upon inquiry and

therefore charged with such knowledge as he might, by such inquiry, have gained. *Indiana, etc., R. Co.* v. *McBroom, supra;* Wade, Notice (2d ed.), §279. It can make little difference in effect whether the notice thus given is denominated constructive or implied, it is none the less effectual. The finding that Moore took possession is the finding of a controlling ultimate fact. *Webb* v. *Rhodes,* 28 Ind. App. 393; *Mining Co.* v. *Taylor,* 100 U. S. 37, 25 L. Ed. 541; *Smith* v. *Gale,* 144 U. S. 509, 36 L. Ed. 521, 12 Sup. Ct. 674.

The finding that Moore held open, notorious, and exclusive possession as to all the world except said Kirkham, claiming title to one-half part thereof, was evidently intended as a statement to the effect that he had possession of the entire lot under a claim of ownership to the undivided one-half thereof, and that his possession of the one-half that he did not claim to own was not adverse to Kirkham. As to the undivided one-half part thereof, Moore made and makes no claim. His possession of the entire premises was therefore that of a tenant in common, but it was sufficient to put the brewing company on inquiry; and had any reasonable inquiry been made it could not have failed to learn that he was claiming ownership to an undivided one-half of the property. Construed with reference to the situation of the parties, the exception made in Kirkham's favor is not regarded as sufficient to avoid the effect of Moore's continued possession as otherwise stated. This being so, the court did not err in its conclusion upon this part of the case.

It is further insisted that under the complaint the demand for a deed was a necessary prerequisite to the suit, it being alleged that the contract relied upon was to convey upon demand. The action is shown to have been instituted on November 29. The finding is "that in the month of November the plaintiff demanded," etc. The point made is that the demand found might as well, under

the findings, have been made after the suit, as before, and that no presumptions are allowed in favor of the party having the burden. The inaccuracy of such a finding can not be commended. It is not necessary, however, to invoke any presumption in order to hold it sufficient upon this point. It otherwise affirmatively appears that Kirkham has, by conveyance to his co-appellant, put it out of his power to fulfil the agreement, and that he disputes and denies, and has disputed and denied during the entire litigation, the existence of any contract or right upon the appellees' part. This renders the finding sufficient. *Brown v. Harrison,* 93 Ind. 142; *Toney v. Toney,* 73 Ind. 34; *Jenners v. Spraker,* 2 Ind. App. 100.

Many questions of fact are discussed in the briefs. Appellees' counsel confine themselves largely thereto. The evidence was in sharp conflict. Under the well settled rule it is not the function of this court to reweigh it. There is not only evidence tending to support the findings, but many of them might have been made much more decisive under it.

The judgment is therefore affirmed.