HIRSCHMAN ET AL. *v.* MARION COUNTY PLAN
COMMISSION ET AL.

[No. 18,927. Filed December 9, 1957. Rehearing denied
January 13, 1958. Transfer denied May 29, 1958.]

*C. Wendell Martin* and *Bredell, Cooper & Martin,* of Indianapolis, for appellants.

*James C. Jay* and *Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellees.

KELLEY, C. J.—A primary question presented by the record and briefs in this appeal is whether the Circuit Court of Marion County possessed jurisdiction over the subject matter of a petition for Writ of *Certiorari* against the appellee Plan Commission and to declare void an ordinance adopted by the appellee Board of County Commissioners, the adoption or enactment of which was recommended by said Plan Commission. The proceedings involved were allegedly taken under the provisions of Secs. 53-701 to 53-794, Burns' 1951 Replacement, as amended, Secs. 53-701 to 53-793, Burns' Cum. Pocket Supplement 1957. The question results from the action of the court in sustaining the demurrer of the said Plan Commission and County Commissioners to said petition upon the ground that the court had no jurisdiction over the subject matter of the action.

An original petition was filed by appellants (thirty in number) on January 12, 1955. This petition, in material substance, alleged that the petitioners (appellants) are the owners of real estate adjacent to and in the vicinity of a particularly described tract of land located generally north and east of the intersection of State Roads No. 100 and No. 431 in the community known as Nora, Washington Township, Marion County, Indiana, which described real estate is owned by the appellees, Fred Davidson and Herbert Davidson; that on November 12, 1948 the Board of County Commis-

sioners of Marion County, pursuant to the statute above referred to, adopted a comprehensive Master Plan Zoning Ordinance which divided the unincorporated area of Marion County into 22 districts, composed of agricultural, residential, and business districts.

That on May 26, 1954 said Master Plan Zoning Ordinance was amended so as to change the classification of 45 acres of the land lying generally north and east of the said intersection of said State Roads 100 and 431, which apparently included the said particularly described tract of land, from an agricultural district to a residential district; that on November 18, 1954 said appellees, Davidson and Davidson, filed with the appellee, Marion County Plan Commission, a petition requesting a change of the zoning regulations of the Master Plan Zoning Ordinance as related to real estate near to but described differently from the above mentioned particularly described tract of land; that on December 16, 1954 the appellee, Plan Commission, purported to adopt, approve, and recommend a proposed ordinance for the amendment of said Master Plan Zoning Ordinance to effect a change of the classification of the real estate described in the petition of Davidson and Davidson to that of a business district "in order to provide for the construction of a community shopping center, consisting of one commercial building with five units for retail sales and personal service shops."

The petition does not allege that the Board of County Commissioners enacted the amending ordinance recommended by the Plan Commission but for the purposes now considered, the petition, taken as a whole, may be said, by intendment, to aver such enactment and that the ordinance bears the date of December 16, 1954. It is further averred that the appellee, Samuel J. Kagan, on December 21, 1954 issued an improvement

Location Permit relating to the real estate described in the petition of said Davidsons; and that the appellees, Wagman, Overby, Jr., and Cluly, Sr., are joined as defendants because their names first appear upon the document filed in support of Davidsons' petition.

The petition avers that the decision of the Plan Commission is illegal for the certain specified reasons, including the charge that proper and sufficient notice of the public hearing on Davidsons' petition was not given as required by Secs. 53-737, 53-742, and 53-765 of the aforecited statute, that the description of the real estate in the amending ordinance finally adopted was different from that given in Davidsons' petition, that the Plan Commission abused its discretion, and that its decision deprived appellants of their property without due process of law and without just compensation. It is further alleged that the "purported" ordinance of the Board of County Commissioners is illegal for certain specified reasons, among which are that the Board gave no notice of hearings as required by the aforementioned statute; that the ordinance is dated December 16, 1954, but the recommendation of the Plan Commission was not submitted to the Board until December 17, 1954; that since December 21, 1954, the date of the original ordinance was unlawfully erased and changed to December 17, 1954 and the description of the real estate contained in the original ordinance as adopted was also unlawfully changed so that said ordinance "finally adopted" contains a description of land different from the description contained in Davidsons' petition, the resolution and recommendation of the Plan Commission, and the "original" ordinance; that by the immediate enactment of the amending statute by the Board of Commissioners on the same date as the resolution and recommendation of the Plan Commission, the appellants were deprived

by said Board of thirty (30) day right to appeal to the Circuit Court the decision of the Plan Commission, as provided by Sec. 53-755 of said statute; and that the action of the Board unconstitutionally deprived appellants of their property rights without just compensation and without due process of law.

The petition prayed relief by writ of *certiorari*, that the amending ordinance be declared void, and that appellees, Davidson, Davidson, and Kagan be enjoined from constructing a shopping center on the premises. The ordinance of May 26, 1954 and two alleged ordinances dated December 16, 1954 were attached to and made a part of the petition, as exhibits.

The appellees, Marion County Plan Commission and Board of Commissioners of the County of Marion, entered special appearances and demurred to appellants' said petition on the ground that the "Court has no jurisdiction of the subject matter of this controversy." The memorandum to the demurrer asserts, in general, that the recommendation and report of the Plan Commission is not a "decision" subject to review by *certiorari;* that the recommendation is a legislative function of zoning, over which the court has no jurisdiction; that the petition seeks the court to invade the province of the Plan Commission and the Board of Commissioners in the exercise of their discretion; and that the petition seeks to attack and review the ordinance enacted by the Board of Commissioners, which said ordinance is not "subject to collateral attack or to review by *certiorari.*"

The sustaining of this demurrer is one of the assigned errors. The appellees Plan Commission and Board of County Commissioners have filed no brief in this appeal. We, therefore, have only to consider whether appellants have made a *prima facie* showing of error. If the petition on its face shows that the

Marion Circuit Court was without jurisdiction of the subject matter thereof, then there was no error in sustaining the demurrer thereto. The demurrer asserted only that the circuit court was without jurisdiction of the subject matter of the controversy. Lack of jurisdiction of said court on any other ground is not presented.

· The Marion Circuit Court is a court of general jurisdiction. Its jurisdiction extends to equitable proceedings for injunctive relief, and Sec. 53-755 of the statute above cited places jurisdiction for review by *certiorari* of a decision of the Plan Commission in that court. *State ex rel. Marion County Plan Commission* v. *Superior Court of Marion County* (1956), 235 Ind. 607, 135 N. E. 2d 516. The subject matter of the controversy, as disclosed in general terms by the petition, was the alleged illegal action of the Plan Commission in resolving and recommending to the Board of County Commissioners for adoption and enactment a proposed ordinance amending the Master Plan Zoning Ordinance by reclassifying the district in which certain land was located from residential to business, and the invalidity of such amending ordinance.

The jurisdiction of the court over the subject matter of the action means the power of the court to hear and determine cases of the general class to which the particular case belongs. The jurisdiction must be determined in the first instance from the petition or complaint. *Lake Shore & M. S. Ry. Co.* v. *Clough* (1914), 182 Ind. 178, 185, 104 N. E. 975. The petition or complaint is looked to to determine to what class of actions the particular pleaded case belongs, but the question of jurisdiction is not dependent upon the validity of the demand set forth in the complaint, nor upon whether it states a good cause of action, nor upon the sufficiency of the allegations thereof.

*Coddington et al.* v. *Canaday, Receiver* (1901), 157 Ind. 243, 251, 252, 61 N. E. 567; *Brown* v. *State* (1941), 219 Ind. 251, 259, points 1-7, 37 N. E. 2d 73.

In the instant case the petition clearly exposes that it is predicated upon a cause of action belonging to a general class of cases over which the Marion Circuit Court has jurisdiction.

We are not here concerned with whether the petition sufficiently states a cause of action or whether the court can or will grant the relief prayed for. Those are matters to be determined by the trial court when timely and properly raised by appropriate pleadings or motions. Our determination extends only to the holding that the Marion Circuit Court possesses and is invested with jurisdiction to hear and determine cases of the class to which the case pleaded in the petition belongs and that, therefore, the court erroneously sustained the said demurrer of appellees Plan Commission and Board of County Commissioners.

The appellees Fred Davidson, Herbert Davidson, and Samuel J. Kagan demurred to certain parts of appellants' original petition on the ground that said portions of the petition do not state facts sufficient to constitute a cause of action. The memorandum to the demurrer asserts that the parts of the petition demurred to plead only legal conclusions. This demurrer was sustained. Thereupon appellants filed an amended petition which appellees assert to be in all material respects identical with the original petition except that appellee, R. Ray Fisher, as Marion County Building Commissioner, was added as a party defendant.

Said appellees, Davidson, Davidson, and Kagan, then filed a motion to strike said amended petition from the file. The motion to strike is grounded upon the contention that the said Building Commissioner R. Ray Fisher is not a proper party since he

could not have been made a party to the proceedings before the Plan Commission or Board of County Commissioners and, therefore, appellants had no "ground or right" to file the amended petition "seeking to make a third party an additional party defendant"; and that said amended petition was not timely filed because it was filed more than thirty days subsequent to the time fixed by the statute (Sec. 53-755) in which appellants might file a petition for writ of *certiorari*. The court sustained the motion to strike the amended petition and entered judgment "that the plaintiffs take nothing by this action" and that the defendants recover their costs.

The motion to strike apparently was not predicated upon the theory that the amended petition was immaterial, impertinent, redundant, a sham, or surplusage. It seems wholly based on the ground that Fisher was not a proper party and, therefore, appellants could not file an amended petition making him a party, and on the further ground that the amended petition was filed too late, that is, not within the thirty days provided by the statute.

Whether or not Fisher was a proper party was of no concern to the appellees who filed the motion to strike. The amended petition contains the theory that the action of the Plan Commission was illegal, the ordinance enacted by the Board of County Commissioners was invalid, and prayed, among other things, that Fisher, as Building Commissioner, be enjoined from issuing a building permit pursuant to the said ordinance. The court, on motion of appellants, had previously entered an order making Fisher an additional party and ordered summons issued for him and granted leave to appellants to file an amended petition. The record, as exhibited by appellants' brief, shows no objection by any of the parties to said order or the

action of the court in making Fisher an additional party. Further, according to appellants' brief, the record shows no pleading or objection by Fisher that he was not a proper party. The petition sought not only a writ of *certiorari* but also injunctive relief. Viewed as such, in considering the propriety of the motion to strike, we perceive no error in joining Fisher as an additional party defendant.

The record discloses no contention by any of the parties to the action that appellants' original petition was not filed within the thirty days provided by Sec. 53-755 of the applicable statute. It does not appear that the amended petition stated a new cause of action or changed the issues presented by the original petition. Said amended petition, therefore, related back to the time the action was commenced by the filing of the original petition and the issuance of process thereon. *Fleenor* v. *Taggart* (1888), 116 Ind. 189, 192, 18 N. E. 606; *Chicago, St. L. & P. R. Co.* v. *Bills* (1889), 118 Ind. 221, 222, 223, 20 N. E. 775; *Kirkham et al.* v. *Moore et al.* (1903), 30 Ind. App. 549, 550, 65 N. E. 1042. The court, in ruling on the motion to strike the amended petition, found that said amended petition was "not filed within the time allowed by statute." In this, we think the court erred.

The motion to strike the amended petition cannot perform the office of a demurrer. *Guthrie* v. *Howland et al.* (1905), 164 Ind. 214, 224 *et seq.*, 73 N. E. 259. It follows that the ruling of the court in sustaining the motion of said appellees, Davidson, Davidson, and Kagan, to strike the amended petition from the files of the court cannot be sustained on any theory that the amended petition did not state a cause of action. An attack upon the amended petition on such ground is the function of a demurrer, not a motion to strike. *Guthrie* v. *Howland et al., supra.* Since the sustained

demurrer of said appellees to the original petition was only a partial demurrer to designated portions of the petition, we cannot say that the amended petition failed to state any material facts undisposed of by the ruling sustaining the partial demurrer to the original petition. We think the court erred in sustaining the said motion of said appellees to strike the amended petition from the files.

The judgment is reversed, and the cause remanded, with instructions to the trial court to overrule said demurrer of the appellees, Plan Commission and Board of County Commissioners, to said original petition on the ground that the court had no jurisdiction of the subject matter, and to overrule said motion of appellees, Davidson, Davidson, and Kagan to strike the amended petition from the files, and for further proceedings.

NOTE.—Reported in 146 N. E. 2d 277.