DROEGE ET AL. *v.* ST. JOSEPH COUNTY PLAN COMMISSION ET AL.

[No. 19,303. Filed June 8, 1961. Concurring opinions filed June 13, 1961.]

*Voor, Jackson & McMichael, William E. Voor* and *Guy H. McMichael,* of South Bend, for appellants.

*Richard D. Bonewitz* and *Hammerschmidt & Hammerschmidt,* both of South Bend, for appellee St. Joseph County Plan Commission.

*John Montgomery,* of South Bend, for appellee Board of Commissioners of St. Joseph County.

MYERS, J.—This is an appeal from a decision of the St. Joseph Circuit Court dismissing a petition for writ of certiorari filed by appellants to review an action taken by the St. Joseph County Plan Commission wherein it recommended an amendment to the general zoning ordinance of St. Joseph County.

Appellants, as petitioners, alleged that they were owners of real property located in St. Joseph County, which was adjacent to and in the immediate vicinity of certain real estate owned by St. Joseph County 4-H Fair, Inc.; that property in this vicinity had been zoned for A-1 Agricultural and R-1 Residential use; that St. Joseph County 4-H Fair, Inc., had attempted to obtain a variance of the use of its land so as to

permit the construction, operation, and maintenance of certain commercial activities thereon, but had failed in so doing; that thereafter the St. Joseph County Plan Commission initiated a proposed amendment to the general zoning ordinance which would permit commercial use of 4-H Fair, Inc., real estate; that this amendment was adopted by the Plan Commission on March 10, 1958, after a public hearing, and was submitted to the Board of County Commissioners, which approved and adopted it into an ordinance on March 17, 1958. Petitioners aver that the changes attempted by the action on the part of the Plan Commission were discriminatory, arbitrary, and capricious, and they asked that the court declare the amendment void.

The court issued an order, addressed to the Plan Commission and the Board of County Commissioners, to show cause why a writ of certiorari should not issue. Appellees, as respondents, filed a return to the writ wherein they challenged the court's jurisdiction to issue such a writ. After hearing arguments of counsel, the court found in favor of appellees, discharged the citation and rule to show cause, and dismissed the petition. Appellants claim this ruling of the trial court as error.

The court's findings are as follows:

"1. In favor of the respondents on their return to said rule and against the petitioners herein;

"2. That the action of the St. Joseph County Plan Commission as alleged in said petition constitutes a legislative hearing and determination as distinguished from a judicial hearing and determination and that such legislative hearing and determination by said Plan Commission does not constitute a 'decision' within the meaning of that word as used in Burns' Indiana Statutes Annotated, Section 53-755;

"3. That this court is without judicial power to review such legislative hearing and determining by said Plan Commission;

"4. That the action of Respondent, Board of Commissioners of St. Joseph County, as alleged in said petition is legislative in character and this court does not have judicial power to review such action."

This is an attempt by appellants to have the Circuit Court of St. Joseph County review the "decision" of the County Plan Commision which adopted the amendment to the general zoning ordinance, pursuant to §53-755, Burns' Ind. Stat., 1951 Replacement. This section is a part of a 1947 act of the Indiana General Assembly (Acts 1947, ch. 174, §55, p. 571) concerning planning and zoning of rural and urban areas. It particularly states that a "decision" of a City or County Plan Commission may be reviewed by certiorari procedure to be filed in the circuit court of the county where the disputed land is located.

This court recently rendered an opinion in a case involving an amendment to the general zoning ordinances of Marion County wherein the facts were very similar to those in the case at bar. In *McGraw et al.* v. *Marion County Plan Commission et al.* (1961), 131 Ind. App. 686, 174 N. E. 2d 757, we held that the actions taken by a County Plan Commission in connection with planning and zoning, pursuant to the act of 1947, *supra,* are advisory only, and are not "decisions" subject to review by circuit courts within the meaning of §53-755, Burns' Ind. Stat., 1951 Replacement, *supra.* We ordered the Circuit Court of Marion County to sustain a motion to dismiss the petition for lack of jurisdiction.

In view of the decision in *McGraw et al.* v. *Marion County Plan Commission et al.*, *supra*, the St. ■ Joseph Circuit Court committed no error in dismissing the case.

Judgment affirmed.

Ryan, P. J., and Ax, Bierly, Cooper and Kelley, JJ., concur.

Pfaff, C. J., and Gonas, J., concur with separate opinions.

## CONCURRING OPINION

GONAS, J.—Appellants herein are the owners of real estate in the immediate vicinity of certain real estate owned by St. Joseph County 4-H Fair, Inc., in St. Joseph County, Indiana.

On or about February 10, 1958, the St. Joseph County Plan Commission initiated a proposed amendment to Zoning Ordinance No. 5-A. This amendatory ordinance was adopted by the Plan Commission on March 10, 1958, and by the Board of Commissioners on March 17, 1958. The board is constituted by statute, a body politic in law, and as such, is invested with certain powers, and charged with the performance of certain public duties. These powers are to be exercised and the duties discharged in the mode prescribed by law. The legislature has authorized such boards to re-zone for the public use, property in a city or county.

On April 7, 1958, the appellants, petitioners below, filed a petition for writ of certiorari in the St. Joseph Circuit Court. The court issued an order to show cause why the writ should not issue; thereupon, appellees, respondents below, challenged the jurisdiction of the Circuit Court to review an act of the Plan Commission

under the planning and zoning law of 1947 (Burns' Ind. Stat. Anno. §§53-710 to 53-794). The St. Joseph Circuit Court ruled that it does not have jurisdiction and dismissed the action.

We recently held that there is no statutory authority for its review by certiorari and that the Circuit Court does not have jurisdiction of the subject matter of such an attempted review. *Wright* v. *Marion County Plan Commission* (1960), 130 Ind. App. 203, 163 N. E. 2d 259; *McGraw et al.* v. *Marion County Plan Commission et al.* (1961), 131 Ind. App. 686, 174 N. E. 2d 757.

I adhere to the holding of the *Wright* case, supra, and my concurring opinion in the *McGraw* case, supra.


## CONCURRING OPINION

PFAFF, C. J.—I agree with the conclusions of the majority opinion in this case, and wish to call attention to the fact that we have been favored with a memorandum opinion of the trial judge, the Hon. F. Kenneth Dempsey, which is a part of the record. It discloses appreciation and careful consideration of the question involved in his order. We, of course, do not and cannot consider this opinion as findings of fact and law, or as the order appealed from, but it is of value insofar as it sets forth the reasons supporting the decision reached.

In *Merchants Natl. Bk. & Tr. Co.* v. *Winston* (1959), 129 Ind. App. 588, 598, 159 N. E. 2d 296, 301, Judge Myers, speaking for this court, said:

"However, it has been held that this court should know the basis upon which matters were actually adjudicated by the trial court, and that it may look to findings made by the court, without being requested, in order to determine the meaning and

effect of the trial court's decision. *Pub. Serv. Comm.* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719; *Gavin* v. *Miller* (1944), 222 Ind. 459, 54 N. E. 2d 277." See also Flanagan, Wiltrout and Hamilton, Appeals, ch. 46, §2333, Comment 12 (Supp.); 2 West's Indiana Law Encyclopedia, Appeals, ch. 8, §267 (Supp.).

The opinion of the trial judge reads as follows:

"On April 7, 1951 (1958), the petitioners filed in the St. Joseph Circuit Court a petition—captioned 'Petition for Writ of Certiorari' alleging: that the petitioners are the owners of certain real estate in St. Joseph County in the immediate vicinity of real estate allegedly owned by the St. Joseph County 4-H Fair, Inc.; that the property in the vicinity of that of the petitioners and of the St. Joseph County 4-H Fair, Inc. has been for many years zoned for agricultural and residential use; that on February 10, 1958, the St. Joseph County Plan Commission initiated a proposed amendment to the St. Joseph County Zoning Ordinance permitting the use of such lands for certain commercial purposes; that on March 10, 1958, after a public hearing, the Commission 'adopted' said amendment, and on March 17, 1958, the Board of Commissioners of St. Joseph County 'approved and adopted' the amendment; that the enactment of the amendment was 'illegal and void' for the reason that the Plan Commission acted in violation of statute in that (1) the change in the proposed ordinance bears no relationship to the public health, safety, morals or general welfare, (2) that the changes attempted were arbitrary, capricious and discriminatory, (3) that the changes constitute 'spot zoning', (4) that the changes remove from the control of and jurisdiction of the Planning Commission all zoning and planned and designated usage of lands, (5) that the changes provided no safeguards for public welfare.

"The petition further alleges that by virtue of the control exercised by the St. Joseph County 4-H Fair, Inc. over the Planning Commission, the petitioners were denied the opportunity of having the issues involved determined by a fair, impartial and

disinterested board; that the Planning Commission was composed of officers and directors of the St. Joseph County 4-H Fair, Inc. 'who completely dominate and control the commission'. The petition concludes with the prayer that the court 'declare said amendment 2 to Ordinance 5A void and of no force and effect'.

"At the outset it would appear that Hirschman v. Marion County Plan Commission (1957), 128 Ind. App. 520, 146 N. E. 2d 277 is applicable here, but close analysis discloses that this is not true.

"The opinion of the court in Hirschman does not disclose whether the initial pleading was in one or more paragraphs. While designating it as a petition for writ of certiorari the court stated that 'the petition prayed relied relied by writ of certiorari, that the amending ordinance be declared void and that the appellees . . . be enjoined from constructing a shopping center . . .' This constitutes three distinct causes of action, certiorari, declaratory judgment and injunction. Respondents addressed a demurrer to the petition attacking the jurisdiction of the court.

"Among other things the court found that the trial court was one of general jurisdiction extending 'to equitable proceedings for injunctive relief'. The decision of the Appellate Court was expressly limited to 'the holding that the Marion Circuit Court possesses and is invested with jurisdiction to hear and determine cases of the class to which the case pleaded in the petition belongs and that, therefore' the respondents' demurrer should have been overruled.

"Since the court's opinion is ambiguously drawn in that it does not spell out the precise basis upon which it overruled the Circuit Court's decision— whether it was overruled to the extent that the pleading was a petition for a writ of certiorari under Burns' 53-755, or that it was an equitable action for injunction—we do not consider it controls the issues here.

"In the case at bar there is only one paragraph of pleading. That paragraph, as drawn, has the same inherent ambiguity as the opinion in the

Hirschman case—is it a petition for a Writ of Certiorari or an action for declaratory judgment?

"For the purposes here we accept the petitioners description of their own petition as set forth in their brief—'A Petition for a Writ of Certiorari seeking a review of the action of the defendants, St. Joseph County Plan Commission and the Board of Commissioners of St. Joseph County, Indiana, challenging their acts in the initiation and passage of an amendment to the County Zoning Ordinance.'

"In this case there is no demurrer, as in Hirschman, but a return to petitioners statutory rule to show cause why the writ should not issue in which return the jurisdiction of the court is challenged for lack of jurisdiction.

"The petitioners in their brief posited their right to review of writ of certiorari solely upon Burns' 53-755, the pertinent portion of which reads as follows:

"'A decision of the commission may be reviewed by certiorari procedure the same as that providing for the appeal by zoning cases from the decision of the Board of Zoning Appeals.'

"Insofar as the respondents' Board of County Commissioners of St. Joseph County is concerned, the petition must be dismissed. It is to be noted that the petitioners by their writ are 'seeking a review of the action of the . . . Board of Commissioners of St. Joseph County, Indiana, challenging their act in the . . . passage of an amendment to the County Zoning Ordinance'.

"It is to be noted further that the sole act of the Board of County Commissioners alleged in the petition is that 'on the 17th day of March, 1958, the Board of Commissioners of St. Joseph County approved and adopted' the amendment. Burns' 53-755 does not authorize review by certiorari procedure of any act of the Board of County Commissioners but is limited in its express language to 'a decision of the commission'. Nor could the legislature provide for a judicial review which is in the nature of an appeal from a legislative act.

"'. . . The exercise of these powers involves a lawmaking discretion. From the exercise of these powers no appeal would lie for no court or jury is

authorized to exercise legislative functions. The exercise of these powers is not included in the word "decision" '. Hanna v. Board of Commissioners (1867), 29 Ind. 170, 173.

"With reference to the Plan Commission it would appear from a careful analysis of the petition that the petitioners seek judicial review of the acts of the Commission 'in initiating and adopting the amendment.' (See paragraphs 12, 13 and 17 of the petition). Of course, the Commission does not 'adopt' an amendment in the ordinary sense of that term. For the purpose of this case we shall interpret the description of the petition as those acts required in the amendment procedure provided by Burns' Sections 53-763 to 53-765, and construe them to state in effect that the Plan Commission after notice of hearing (53-765) presented a petition, duly signed, to the County Auditor requesting the amendment (53-764). We further interpret the determination of the Commission to file such petition with the Auditor as the act for which judicial review is sought though this is not spelled out as clearly as it could be in the petition.

"Petitioners contend too broadly that the legislature intended 'judicial review of the acts of the plan Commission', (Plaintiffs' Brief, page 2), while citing the statute that authorizes such review of only a 'decision of the Commission'.

"Petitioners lay great stress upon the contention that the mandatory procedure imposed upon the Plan Commission as a condition precedent to filing its petition for amendment to the County Auditor 'is as much a part of the enactment of an ordinance as the actual vote of the (Board of) Commissioners themselves'. (Petitioners' Brief, page 3.)

"This is true, as we shall note, but that fact would completely defeat petitioners claim to the right to judicial review for the act would be legislative in nature, an area into which the courts cannot intrude.

"The precise question for determination therefore is whether or not the action of the Plan Commission, after notice and hearing, in determining to cause the petition for amendment to be filed with

the County Auditor is a 'decision' within the meaning of that word as used in Burns' 53-755. Except for the cloud cast upon the horizon of decision by the Hirschman case, this specific question has not been discussed by the courts of last resort of this state. However, the basic question of what is meant by the word 'decision' has been passed upon many times by our courts. There are numerous cases relating to appeals of the Boards of County Commissioners under statutes reading substantially the same as the statute in question, e.g. 'any person aggrieved by any decision of any Board of Commissioners may appeal therefrom to the Circuit Court of such county' (Burns' 26-820).[1]

"It is the settled construction of a long line of decisions that under the term 'decision' as employed in such a statute, the appealable causes are judicial decisions only, that is decisions that involve some judicial act. Ross v. Becker (1907), 169 Ind. 166, page 170.

"Purely ministerial decisions or administrative acts are not within the concept of such term. Potts v. Bennett (1894), 140 Ind. 71, 76-77; Collins v. Laybold (1914), 182 Ind. 126, 132; in re Northwestern Indiana Telephone Co. (1929), 201 Ind. 667.

"Going then to the determination of whether or not the act sought to be reviewed is judicial, administrative or legislative, it would seem on its face to be non-judicial. Here the proponent of the amendment, the Plan Commission, is also the judge at its hearing—a concept alien to our accepted understanding of judicial procedures.

"The distinction between a judicial hearing and determination on the one hand, and a legislative hearing and determination on the other, has been clearly defined. In Prentise v. Atlantic Coast Line Co. (1908), 211 U. S. 210 (cited with approval in our Supreme Court in re Northwestern Telegraph Co., supra.), Mr. Justice Holmes said:

"1. Section 53-755 does not provide who could seek review except by reference to the 'appeal' provision of the Board of Zoning Appeal cases which reads: 'Any person . . . aggrieved by any decision of the Board of Zoning Appeals, may present to the Circuit or Superior of the County . . . a petition . . .' (Burns' 53-783).

" 'A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power.'

" 'That question depends upon the character of the proceedings.'

" 'And it does not matter what inquiries may have been made as a preliminary to the legislative act. Most legislation is preceded by hearings and investigations. But the effect of the inquiry, and of the decision upon it, is determined by the nature of the act to which the inquiry and decision lead up. A judge sitting with a jury is not competent to decide issues of fact; but matters of fact that are merely premises to a rule of law he may decide. He may find out for himself, in whatever way seems best, whether a supposed statute ever really was passed.'

" 'The nature of the final act determines the nature of the previous inquiry. As the judge is bound to declare the law, he must know or discover the facts that establish the law. So, when the final act is legislative, the decision which induces it cannot be judicial in the practical sense, although the questions considered might be the same that would arise in the trial of a case.'

"Apply this rule it is clear that the hearing here involved and the decision pursuant to it lead up to legislation, i.e., the Board of Commissioners adoption of the amendment. Since the final act is legislative, the hearing and decision cannot be judicial. Not being judicial, it is not a 'decision' subject to review; being legislative, judicial review is constitutionally barred.

"The challenge here is to 'jurisdiction' and in the Hirschman case, the court rested its decision on the fact that the petition 'clearly exposes that it is predicated upon a cause of action belonging to a general class of cases over which the Marion

Circuit Court has jurisdiction'. The subject matter of the controversy, the court said, was the alleged illegal action of the Plan Commission in recommending the proposed amendment for adoption. It is to be noted that the Appellate Court was not favored with briefs by the Commission or the County Plan Commission and that the sole question the Appellate Court had to determine was whether or not the appellants had made a prima facie showing of error in the sustaining of the demurrer below. If the court had had the advantage of such briefs, it probably would not have confused the word 'jurisdiction' with the term 'judicial power'. In their return and motion to strike in the case at bar, the respondents have also fallen into this common error. The challenge contained in the return is phrased in these words 'that this court is without jurisdiction to issue a writ of certiorari' but an examination of respondents' brief shows clearly that by the use of the word 'jurisdiction' what respondents really meant is 'judicial power'.

" 'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for decision. Muskrat v. United States (1911), 219 U. S. 346, 356.

"It is, 'that power vested in courts to enable them to better administer justice according to law. Adkins v. Childrens Hospital (1923), 261 U. S. 525, 544.

"That power with which the courts are clothed for the purpose of the trial in determination of cases. Exparte Gist (1855), 26 Ala. 156, 162.

" 'Jurisdiction' on the other hand, has reference to the court's power over the parties. Gregnon v. Aster (1844), 2 How. 319, 338; over the subject matter, Lemasters v. Williams Coal Co. (1934), 206 Ind. 369; State ex rel. Kunkel v. The Circuit Court of LaPorte County (1936), 209 Ind. 682; over the property in contest, Overly v. Gordon (1900), 177 U. S. 214, 220; and to its authority to render judgment, McGuffey v. McClain et al. (1891), 130 Ind. 327, and Quarl v. Abbett (1885), 102 Ind. 233.

"It is the power to hear and determine subject matter in controversy between parties to a suit, to adjudicate and exercise judicial power over them: State ex rel. City of Indianapolis v. Brennan, Judge (1952), 231 Ind. 491.

"The judicial power embraces jurisdiction. It flows to the court from the constitution. Jurisdiction comes from the legislature.

" 'And as related to judicial power, the term "jurisdiction" is not used until the distribution of those powers among the several courts is pointed out and defined.' Kendell v. United States ex rel. Stokes (1938), 12 Pet. 524, 528.

"It might be stated that jurisdiction defines the area in which the judicial power may be exercised. The Zoning statute carries a specific example of distinction. There can be no doubt that both the Circuit and the Superior Courts, deriving their judicial power from the constitution, have the 'judicial power' to review a decision of both the Plan Commission and the Board of Zoning Appeals but, while Sec. 53-783 dealing with appeals from the Board of Zoning Appeals confers jurisdiction to exercise this power on both Circuit and Superior Courts, Sec. 53-755 relating to judicial review of Plan Commission confers jurisdiction to exercise this power only on the Circuit Court. In the sense of 'jurisdiction' as meaning 'judicial power,' it is clear from the cases cited above, that the St. Joseph Circuit Court does not have the judicial power to review the decision of the Plan Commission here complained of.

"In passing, it is interesting to note that in the two planning and zoning statutes passed since the Act of 1947, this particularly confusing and somewhat absurd statute for review of Plan Commission decisions has been omitted by the legislature, c.f. The Marion County Plan Commission Act of 1955 Burns' 53-901 et seq., The Area Planning Departments Act of 1957 Burns' 53-1001 et seq.

"On the basis of the rules stated in this opinion, the challenge of respondents in the return to the rule to show cause is sustained. . . ."

NOTE.—Reported in 175 N. E. 2d 432.