LAKE SHORE CIVIC LEAGUE, INC. *v.* VILM-WALTERMIRE CORP. ET AL.

[No. 20,667. Filed September 25, 1968. Rehearing denied October 21, 1968. Transfer denied February 12, 1969.]

*John H. Baldwin,* of Indianapolis, for appellant.

*Paul J. DeVault, Arthur W. Banta, Hugh H. Thornburg* and *Krieg, DeVault, Alexander & Capehart,* of counsel, all of Indianapolis, for appellees.

CARSON, C. J.—Appellant, as plaintiff below, brought this suit to set aside, as arbitrary, illegal, improper and capricious, the action of the Metropolitan Plan Commission of Marion County, Indiana, in recommending to the Marion County Council that a zoning ordinance be amended; and, the action of the Marion County Council amending said ordinance which changed the zoning on certain land in Marion County from an R-4 to a B classification. Appellees each filed answers in general denial. After evidence was heard, the trial court made special findings of fact and conclusions of law and entered judgment for the defendant-appellees. From the overruling of its motion for a new trial, plaintiff-appellant appealed, assigning as sole error the overruling of its motion for a new trial.

Although appellant's motion for a new trial specifies twenty-five (25) alleged errors, those specifications which

do not present a question for our consideration, or are not argued, are waived.

This being a negative judgment and the appellant having failed in sustaining his burden of proof below, our consideration is confined to whether the judgment is contrary to law.

In part "B" of its argument, appellant groups together its specifications that the decision is contrary to law, that findings of fact Nos. 7, 8 & 11, are contrary to law and that the court erred in conclusions of law Nos. 4 & 5.

We are of the opinion that this section of appellant's argument is insufficient to present reversible error. It consists only of conclusions of the appellant and references to certain items of evidence covering four and one-half (4 1/2) pages without citation of authority of any kind. Well established rules and decisions have placed upon an appellant, the burden of showing wherein a judgment should be reversed as contrary to law. *Ecker v. Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134. Appellant has failed to meet that burden.

Under part "C" of its argument, appellant urges specifications referring to findings of fact Nos. 4, 6, 7 & 12 and conclusions of law Nos. 4 & 5. Appellant spends much of its argument attacking finding No. 4 of the trial court. That finding said:

"... in accordance with the decision of the Indiana Appellate Court in the case of *Droege v. St. Joseph County Plan Commission* (1961) 132 Ind. App. 71 that the Metropolitan Plan Commission of Marion County in holding said public hearing and recommending to the Marion County Council passage of the proposed ordinance amending the Zoning Ordinances was exercising a legislative function, and that its action did not change the zoning status of the subject parcels of real estate, but was only a recommendation to the Marion County Council."

Appellant has failed to cite any authority for its statement that the court was in error in this finding nor does appellant show that if error, it was prejudicial. Indeed, no showing is made that this finding was in any manner material to the judgment of the court, if in fact, it is a finding at all. Appellant further argues the Commission's refusal to admit certain evidence. This is not proper argument in this court under the facts or specifications of this cause, due to the failure of appellant to properly save the question. Lastly, appellant argues that:

> ". . . it is inequitable to permit Vilm-Waltermire, to rescind what they had purposely set up, i.e., they had originally petitioned to have said land zoned R-3 or residential use. Then, after selling lots for said use, they now reverse their position to the damage of their purchasers."

Again, appellant fails to support such conclusion with cogent argument and citation of authority.

The duty of appellant on appeal is well established by rules and decisions of our Supreme and Appellate Courts concerning the burden resting upon one contending a judgment as contrary to law. In *Ecker v. Fuchs, supra,* at page 566, this court said:

> "Appellant's argument in this case does not 'affirmatively' show harmful error but simply casts before this court certain general contentions and abstract and incomplete legal pronouncements, with the apparent expectation that the court will rummage through the evidence and the decree of the trial court in quest of a suggested ground or reason for reversal of that court's determination of the action. We, of course, cannot assume the burden undertaken by and which rests upon the appellant.

> "The argument portion of an appellant's brief must do more than set out appellant's unapplied statements, ideas or suggestions that the trial court has erred in certain mentioned respects. With the privilege of grouping, as provided for in said Rule 2-17(e), the argument should first direct the attention of the appellate tribunal to the particular assigned error, or to the particular specification

in the motion for a new trial, as the case may be, upon which the appellant relies and intends to urge as an error warranting a reversal of the judgment appealed from. This should then be followed by a concise statement of the basis of objection to the complained of ruling, together with an exhibition of all pertinent points of fact and law sought to be presented and how they are applicable to the matter or particular error being discussed."

We have reviewed this cause carefully and are of the opinion that the judgment of the trial court is not contrary to law and should be affirmed.

Judgment affirmed.

Cooper, Faulconer, and Prime, J.J., concur.

NOTE.—Reported in 240 N. E. 2d 499.